### LAURA MUNDLE *vs.* HILL MANUFACTURING COMPANY.

Androscoggin.    Opinion May 10, 1894.

*Negligence.   Master and Servant   Risks voluntarily assumed.*

Assuming the risks of an employment by a servant while in the service of the master, is founded upon an essentially different principle from incurring an injury through contributory negligence.

The servant may be debarred from a recovery against the master when he voluntarily assumes the risk, but this is not identical with the principle on which the doctrine of contributory negligence rests.

One does not voluntarily assume a risk, within the meaning of the rule that debars a recovery, when he merely knows there is some danger, without appreciating the danger.

Mere knowledge of a danger will not preclude a plaintiff from recovering unless he appreciates the risk.

It is the duty of the master to provide suitable instruments with which, and a proper place where, the servant may perform his work, subject only to such risks as are necessarily incident to the business.

But a servant of sufficient age and intelligence to understand the nature of the risk to which he is exposed, may waive this obligation which is due to him from the master, or may dispense with it altogether.

Having full knowledge and appreciation of the dangers to which he is exposed, and consenting to serve in the way and manner in which the business is conducted, he has no legal ground of complaint, even if reasonable precautions have been neglected by the master, and an injury is received.

ON MOTION AND EXCEPTIONS.

The case appears in the opinion.

*F. W. Dana and W. F. Estey,* for plaintiff.

The jury have settled the question of the defendant's negligence. They viewed the premises, and heard the evidence in court. *Brown* v. *Moran,* 42 Maine, 44; *Campbell* v. *Eveleth,* 83 Maine, 50; *Beers* v. *Housatonic R. R. Co.* 19 Conn. 566; *O'Brien* v. *McGlinchy,* 68 Maine, 552; *Larrabee* v. *Sewall,* 66 Maine, 376.

If defendant knew or ought to have known the defective condition of the floor, the plaintiff being without fault, it was legally responsible for plaintiff's injury. Thomp. Neg. p. 992, § 12; *Buzzell* v. *Laconia Mfg. Co.* 48 Maine, p. 113.

Plaintiff has a right to presume that all proper attention will be given to her safety, and that she will not be carelessly and needlessly exposed to the risks not necessarily resulting from her occupation, and preventable by ordinary care and precaution on the part of her employer. *Snow* v. *Housatonic Railroad Co.* 8 Allen, 441; *Shanny* v. *Androscoggin Mills,* 66 Maine, 420; *Noyes* v. *Smith,* 28 Vt. 57; Shear. and Redf. Neg. § § 31, 36; Thomp. Neg. pp. 972-3, 975.

The law did not require the plaintiff to keep her eyes constantly and exclusively upon every spot where she placed her feet in walking to and from, especially as she made one hundred and twenty to one hundred and twenty-five trips to the stitcher in a day, or from two hundred and forty to two hundred and fifty trips both ways. Besides her attention would naturally and properly be diverted, at the same time to other branches of her employment.

A party in a dangerous situation not obliged to use extraordinary care. *Fletcher* v. *B. & M. R. R.* 1 Allen, 9.

Whether the plaintiff used due care is a question of fact for the jury, if there are any facts in dispute; or, if there is evidence upon which it is competent for the jury to find that she used ordinary care. *Nugent* v. *B. & M. R. R. Co.* 80 Maine, 70; *Gahagan* v. *B. & L. R. R. Co.* 1 Allen, 186; *Campbell* v. *Eveleth,* 83 Maine, 50; *Larrabee* v. *Sewall,* 66 Maine, 376.

Mere knowledge of danger is not conclusive evidence of negligence, in failing to avoid it. *Coombs* v. *New Bedford*

*Cordage Co.* 102 Mass. 572; *Reed* v. *Northfield,* 13 Pick. 94; *Whittier* v. *West Boylston,* 97 Mass. 273; *Frost* v. *Waltham,* 12 Allen, 85; *Buzzell* v. *Laconia Manf. Co.* 48 Maine, 113; Shear. & Redf. Neg. 3d Ed. § § 95, 96. It is a circumstance to be taken into consideration.

Plaintiff did not contract to take the risk of unusual or cumulative dangers, arising from defendant's subsequent neglect or want of due care. She had the right to expect that the defects in the floor would be repaired by the defendant and relying upon such expectations, to continue at work, without waiving her right to recover for injuries suffered by her in course of her employment. *Shanny* v. *Androscoggin Mills, supra*; Hilliard on Torts, p. 466 (third Ed.); *Railroad Co.* v. *Fort,* 17 Wall. 153; Thomp. on Neg. Vol. II, pp. 975, 976 and 1009; *Seaver* v. *B. & M. Railroad,* 14 Gray, 466; *Cayzer* v. *Taylor,* 10 Gray, 274, 282; *Snow* v. *Housatonic R. R. Co. supra*; *Mayhew* v. *Sullivan Mining Co.* 76 Maine, 100.

Where the plaintiff sees that the defendant has been negligent, he is not bound to anticipate all possible perils, or refrain absolutely from pursuing his usual course, on account of risks to which he is probably exposed by defendant's fault. Some risks are taken by the most prudent men. Shear. & Redf. Neg. § 31.

The supplementary instructions of the presiding justice were correct. *Shanny* v. *Andro. Mills,* and cases *supra.*

*Wallace H. White, and Seth M. Carter,* for defendant.

SITTING: PETERS, C. J.,    EMERY,    FOSTER,    HASKELL, WHITEHOUSE, JJ.

FOSTER, J. The plaintiff had been in the employ of the defendant as an inspector of cloth for about three months at the time of the accident. In the performance of her work she had occasion to pass from her inspecting table to the stitcher, a distance of about twenty feet, across the room from one hundred to one hundred and twenty-five times a day. While walking across the floor she stuck a splinter from the floor into her foot, for which injury this action was brought and the jury awarded her damages in the sum of five hundred dollars.

The undisputed facts gathered from the plaintiff's own story are that she knew the condition of the floor, had walked on it for three months, and had noticed that it was not what it should be and was always very careful ; that she considered it dangerous and was always very careful in walking back and forth ; that she had it in mind all the time ; that there was no occasion for her to hurry, and that she could go back and forth from the inspecting table to the stitcher carefully and leisurely ; that the room was well lighted ; that the floor over which she had occasion to pass was not covered up or concealed in any way, and was in about the same condition at the time of the accident as when she began to work there ; that the wearing and splintering of it was occasioned by iron trucks heavily loaded with cloth passing over it many times a day ; that she never spoke to the overseer or made any complaint to any one about the condition of the floor ; and that she was not induced to remain under any promise of a change or repair. It also appeared that the plaintiff at the time of the accident had on a shoe torn across the toe, and that the splinter entered her foot at the point where the shoe was torn.

The defendant contended that the plaintiff having continued to work during all this time with full knowledge of the condition of the floor and the uses to which it was put, without making any complaint or calling the attention of the overseer or any other person representing the defendant to the alleged dangerous condition, and not being induced to continue in her work by any promise that a change would be made, assumed the risks involved, among which would be the liability of her feet being injured by splinters.

The jury, after having been fully instructed, and after deliberating upon the case for some time, returned into court and asked the following question :

" If the plaintiff went on to this floor seeing all the danger there was about it,— if she saw everything there was there and the condition of the · floor,— and continued to work upon it, if the floor was faulty, would she be entitled to recover ?"

Thereupon, in response to this inquiry, the following instruction was given by the court:

"That is a question which has often been before the courts, and in some of the states it has been held that such knowledge is a bar to a recovery. But we have not gone so far as that in this State. We hold that it is possible for one to continue in the service of another after knowing that the premises or some of the machinery is dangerously and negligently defective, and that such knowledge is not necessarily a bar to a recovery for an injury occasioned by such a defect. Such knowledge is a circumstance to be weighed by the jury in determining whether or not the person injured was guilty of contributory negligence, but is not necessarily, a bar to a recovery. If you think that under all the circumstances the plaintiff was excusable,— that is, that she was not guilty of contributory negligence,— and you also find that the floor was defective and dangerous, you will be justified in finding a verdict in her favor. It is requiring a good deal of a girl (or any one) who is obliged to work for a living, and has a good position, to leave it or continue in it at her own risk, simply because she knows of some defect carelessly or negligently left by her employer. She has a right to assume that in due time he will make the necessary repairs, and upon that assumption, she may work on; and if, in so doing, there is no want of ordinary care on her part, mere knowledge of the defect is not a bar, not a legal bar, to a recovery for an injury occasioned by the defect. But such knowledge is a circumstance to be weighed by the jury in determining whether or not the person injured was guilty of contributory negligence; and upon that question their judgment must control."

To this instruction the defendant excepts and the question is as to its correctness, as applied to the undisputed facts in this case, and those assumed in the question.

In this connection, we feel that the instruction as given must have misled the jury, and their attention should have been called to the distinction between a right of recovery being barred by contributory negligence, and by the voluntary assumption of a known and appreciated risk or danger.

The question presupposed both a defective floor and a full knowledge on the part of the plaintiff of all danger incident to its use, and called for instructions as to whether the plaintiff could recover if she knew and appreciated the danger and voluntarily assumed the risk.   The instructions wholly omitted to deal with this aspect of the case, and were limited to the question of contributory negligence, thereby leaving the jury to determine whether such knowledge should preclude the plaintiff from recovering on the ground of contributory negligence alone, and not by reason of her voluntarily assuming a risk or danger fully known and appreciated by her.

Assuming the risks of an employment is one thing, and quite an essentially different thing from incurring an injury through contributory negligence.   Generally, it is sufficient, in actions for the recovery of damages, to give instructions as to the effect of contributory negligence on the part of the plaintiff.   But when the question arises as to the effect of knowledge and the assumption of risks on the part of the plaintiff, something more is required.   As was said in *Miner* v. *Connecticut River Rail-road*, 153 Mass. 398, "The principle that one may be debarred from a recovery when he voluntarily assumes the risk is not identical with the principle on which the doctrine of contributory negligence rests, and in proper cases this ought to be explained to the jury.   One may with his eyes open undertake to do a thing which he knows is attended with more or less peril; and he may, both in entering upon the undertaking and in carrying it out, use all the care he is capable of.   But whether or not he thereby assumes the risk may depend on other circumstances."

The difficulty often arises in determining whether the risk has been voluntarily assumed.   One does not voluntarily assume a risk, within the meaning of the rule that debars a recovery, when he merely knows there is some danger, without appreciating the danger.   Nor does he on the other hand necessarily fail to appreciate the danger because he hopes and even expects to encounter it without injury.   If he comprehends the nature and the degree of the danger, and voluntarily takes his chance,

he must abide the consequences, whether he is fortunate or unfortunate in the result of his venture.

It is well settled that a servant by entering the service of the master assumes all known or apparent risks which are incident to it, however dangerous the service may be, even if it might be conducted more safely by the employer. On the other hand, it is a part of the contract which is implied, that the master shall provide suitable instruments with which, and a proper place where, the servant may perform his work with safety, or subject only to such risks as are necessarily incident to the business. But it is in the power of the servant, having sufficient age and intelligence to understand the nature of the risk to which he is exposed, to waive this obligation on the part of the employer, or dispense with it altogether. This doctrine is firmly established by numerous decisions, and is stated with such clearness in the case of *Sullivan* v. *India Manf'g Co.* 113 Mass. 396, that we quote the following language from the opinion of the court, in reference to the servant assuming risks: "When he assents, therefore, to occupy the place prepared for him, and incur the dangers to which he will be exposed thereby, having sufficient intelligence and knowledge to enable him to comprehend them, it is not a question whether such place might, with reasonable care and by a reasonable expense, have been made safe. His assent has dispensed with the performance on the part of the master of the duty to make it so. Having consented to serve in the way and manner in which the business was being conducted, he has no proper ground of complaint, even if reasonable precautions have been neglected."

There is a class of cases which recognizes the doctrine, as we have stated, that mere knowledge of a danger will not preclude a plaintiff from recovering unless he appreciates the risk. *Linnehan* v. *Sampson*, 126 Mass. 506; *Williams* v. *Churchill*, 137 Mass. 243; *Taylor* v. *Carew Manf'g Co.* 140 Mass. 150; *Scanlon* v. *Boston & Albany Railroad*, 147 Mass. 484. Also the recent English cases of *Thomas* v. *Quartermaine*, 18 Q. B. Div. 685; *Yarmouth* v. *France*, 19 Q. B. Div. 647, where this doctrine is fully sustained.

But in addition to what we have already stated in reference to the power of the servant to waive or even dispense with the obligation which the employer is under to him, the decisions of our own court, as well as elsewhere, hold that a plaintiff may be precluded from recovering when he voluntarily assumes a risk which he knows and appreciates, whether existing at the time he enters the service or coming into existence afterwards. It is in this class of cases that the principle expressed by the maxim, *volenti non fit injuria*, has the effect to debar the plaintiff from a remedy which might otherwise be open to him.

In *Leary* v. *Boston & Albany Railroad*, 139 Mass. 580, the principle that no one can maintain an action for a wrong where he has consented to the act which has occasioned his loss, is thus expressed : "But the servant assumes the danger of the employment to which he voluntarily and intelligently consents, and, while ordinarily he is to be subjected only to the hazards necessarily incident to his employment, if he knows that proper precautions have been neglected, and still knowingly consents to incur the risk to which he will be exposed thereby, his assent dispenses with the duty of the master to take such precautions."

This principle, founded upon the maxim, *volenti non fit injuria*, is recognized in our own State in *Buzzell* v. *Laconia Manf'g Co.* 48 Maine, 113, where the court say : "If the danger is known, and the servant chooses to remain, he assumes, it would seem, the risk and cannot recover." *Nason* v. *West*, 78 Maine, 254, 257 ; *Coolbroth* v. *Maine Central Railroad*, 77 Maine, 165 ; *Judkins* v. *Maine Central Railroad*, 80 Maine, 418, 425.

In the case last cited this court say : "Even where a master fails in his duty in respect to inspecting and repairing the machinery or appliances to be used by the employee, and the servant voluntarily assumes the risks of the consequences of the master's negligence, with knowledge or competent means of knowledge of the danger, he cannot recover damages of the master." The English decisions, whenever this question has arisen, have been in accord with this doctrine. *Griffiths* v. *London & St. Katherine Docks Co.* 12 Q. B. Div. 495. After-

wards affirmed in the High Court of Appeal, 13 Q. B. Div. 259 ; *Thomas* v. *Quartermaine*, 18 Q. B. Div. 685, 697 ; *Yarmouth* v. *France*, 19 Q. B. Div. 647, 656. Thompson Neg. § 973, and cases. Shear & Red. Neg. § 94. Beach Contrib. Neg. § 139.

It would not be just for one who has voluntarily assumed a known risk, or such as might be discovered by the exercise of ordinary care on his part, and for which another might be culpably responsible, to hold that other responsible in damages for the consequences of his own exposure to those risks which were known and understood by him.

The court in Massachusetts has recently given expression to what we believe to be in accordance with the views herein expressed, in *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155, in the following language : "Certainly it would be inconsistent to hold that a defendant's act is negligent in reference to the danger of injuring the plaintiff, and that the plaintiff is not negligent in voluntarily exposing himself when he understands the danger. It is to be remembered that, in determining whether a defendant is negligent in a given case, his duty to the plaintiff at the time is to be considered, and not his general duty, or his duty to others. Therefore, when it appears that a plaintiff has knowingly and voluntarily assumed the risk of an accident, the jury should be instructed that he cannot recover, and should not be permitted to consider the conduct of the defendant by itself, and find that it was negligent, and then consider the plaintiff's conduct by itself and find that it was reasonably careful."

But in the case before us, we think the jury must have understood that they were to consider the question of negligence on the part of the defendant by itself, and the plaintiff's conduct by itself, and be allowed to find that she was reasonably careful, and hence entitled to recover, if there was negligence on the part of the defendant and due care on her part, notwithstanding she may have known and appreciated the danger and voluntarily assumed all risk. While the first part of the instruction may have been correct as an abstract proposition, yet followed as it was by this independent statement —"If you think that under all

the circumstances the plaintiff was excusable, that is, that she was not guilty of contributory negligence, and you also find that the floor was defective and dangerous, you will be justified in finding a verdict in her favor"—the jury must have understood that the answer to their question presented but two propositions for their consideration, negligence on the part of the defendant, and freedom from contributory negligence on the part of the plaintiff.

The question asked presupposes, as broadly as language can well state it, full knowledge and appreciation of the risk by the plaintiff. The defense relied upon it. The instruction bore upon the doctrine of contributory negligence, instead of the question of assumption of risk through knowledge of the defective condition of the floor. We think the jury should have been instructed in reference to the latter.

Bowen, L. J., in *Thomas* v. *Quartermaine, supra,* makes use of this language, in speaking of the defense in that case, similar to that set up in this : "But the doctrine of *volenti non fit injuria* stands outside the defense of contributory negligence and is in no way limited by it. In individual instances the two ideas sometimes seem to cover the same ground, but carelessness is not the same thing as intelligent choice, and the Latin maxim often applies when there has been no carelessness at all."

As we have before remarked, the question presupposes a defective condition of the floor, and full knowledge and appreciation of the danger by the plaintiff.

Upon these assumed facts as stated in the question, viewed in the light of the undisputed facts in evidence, we think the jury should have been instructed that the plaintiff would not be entitled to recover. *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155, 159.

*Exceptions sustained.*