MATTHEW J. CONLEY *vs.* AMERICAN EXPRESS COMPANY.

Cumberland.   Opinion March 29, 1895.

*Master and Servant.  Risks.  Negligence.*

If a servant continues in the service of his employer after he has knowledge of any unsuitable appliances in connection with which he is required to labor, and it appears that he fully comprehends and appreciates the nature and extent of the danger, he will be deemed to have assumed all risks incident to the service under such circumstances.

No action against the master is maintainable when there is no causal connection between the defective condition of the appliances and the plaintiff's injury. In such case the defect is not the real or proximate cause of the injury. In legal contemplation it is simply the opportunity for the operation of the true cause, the servant's own want of proper care; or the occasion for a purely accidental occurrence causing damage without legal fault on the part of any one.

ON EXCEPTIONS.

This was an action on the case in which it was alleged that the injuries, received by the plaintiff while in the defendant's employ, were caused by its negligence in not furnishing a safe and suitable door, with its machinery or mechanism, which the plaintiff was required to use in his business, by reason whereof he received the injuries complained of.

At the conclusion of the plaintiff's evidence, the defendant moved a nonsuit for the following reasons, viz. :

1. Because of contributory negligence on the part of the plaintiff.

2. Because the plaintiff, at the time of the injury, had knowledge of the defective machinery or mechanism connected with the door.

3. Because the plaintiff, at the time of the accident, was voluntarily engaged in work outside the scope of his employment.

4. Because the defective door was not the cause of the accident.

5. Because the evidence does not show a cause of action.

The court thereupon ordered that the plaintiff become nonsuit and he took exceptions.

*A. W. Bradbury and G. F. McQuillan*, for plaintiff.

1. Counsel cited on the question of contributory negligence : *Guthrie* v. *Me. Cent. R. R. Co.* 81 Maine, 580; *Nugent* v. *B. C. & M. R. R.* 80 Maine, 62-70; *Plummer* v. *Eastern R. R. Co.* 73 Maine, 591; *Wormell* v. *Railroad Co.* 79 Maine, 397; *Hobbs* v. *Eastern R. R. Co.* 66 Maine, 575; *Lesan* v. *M. C. R. R. Co.* 77 Maine, 85; *O'Brien* v. *McGlinchy*, 68 Maine, 555; *Gaynor* v. *Old Colony R. R. Co.* 100 Mass. 208; *Chaffee* v. *B. & L. R. R. Co.* 104 Mass. 108; *Thomas* v. *Western Union Tel. Co.* 100 Mass. 156; *Mahoney* v. *Metropolitan R. R. Co.* 104 Mass. 75; *Lund* v. *Tyngsboro*, 11 Cush. 563; *C. B. & Q. R. R. Co.* v. *Stumpfs*, 55 Ill. 367.

2. Knowledge of defect : Beach on Contrib. Neg. § 346; *Nason* v. *West*, 78 Maine, 253; *Hull* v. *Hall*, 78 Maine, 114; *Buzzell* v. *Laconia Manf. Co.* 48 Maine, 113; *Holden* v. *Fitchburg R. Co.* 129 Mass. 268; *Ford* v. *Fitchburg R. Co.* 110 Mass. 240; *Mundle* v. *Hill Mfg. Co.* 86 Maine, 400; *Lee* v. *South. Pac. R. Co.* 35 Pac. Rep. (Cal.) 572; *Shanny* v. *Androscoggin Mills*, 66 Maine, 427; Shear. & Redf. Neg. §§ 100, 108.

3. Outside of scope of employment : *Theisen* v. *Porter*, (Minn.) 58 N. W. Rep. 265.

4. Door the cause of the accident : Black on Proof and Pleadings in Accident Cases, § 26; 7 Am. & Eng. R. Cas. 414; 29 *Ib.* 309; 19 *Ib.* 400; 5 *Ib.* 628; 11 *Ib.* 115; 18 *Ib.* 130; 2 *Ib.* 85; *Com.* v. *Hackett*, 2 Allen, 136.

5. Cause of action shown : 31 Am. & Eng. R. Cas. 176; *Laning* v. *N. Y. C. R. R. Co.* 49 N. Y. 521; *Shanny* v. *Androscoggin Mills*, 66 Maine, 427; 4 Am. & Eng. R. Cas. 637; 15 *Ib.* 214, 218; *Snow* v. *Housatonic R. Co.* 8 Allen,

441; *Whittaker* v. *Boylston*, 97 Mass. 273; *Parody* v. *Chic. &c. R. Co.* 15 Fed. Rep. 205; Shear. & Redf. Neg. § 96; Beach Contrib. Neg. 2d Ed. § 349, and cases cited.

An involuntary nonsuit, after evidence has been given by the plaintiff, is not looked upon favorably by the courts, the Supreme Court of the United States and the courts of many of the states going so far as to hold that a nonsuit on trial cannot be granted against the will of the plaintiff. *Elmore* v. *Grymes*, 1 Pet. 469.

While in this state it has been the practice to grant involuntary nonsuits, yet the right of the court to order them in the course of a trial to the jury has been exercised with a great deal of care. APPLETON, C. J., in the *Union Slate Company* v. *Tilton*, 69 Maine, 244, says: "A motion for a nonsuit will not be granted when there is any evidence in the case competent to be submitted to the jury, tending to show the liability of the defendant."

The same justice in *Lake* v. *Milliken*, 62 Maine, 240, says: "In determining whether the nonsuit was rightly ordered or not, we must assume the truth of the proof offered, and regard it in the light most favorable to him [the plaintiff]; for the jury might have so regarded it."

LIBBEY, J., in *Eaton* v. *Lancaster*, 79 Maine, 477, says: "If there was any evidence which, if believed by the jury, would authorize a verdict for the plaintiff, a nonsuit should not have been ordered."

A motion for a nonsuit at law is analogous to a demurrer in equity; and if, admitting all the facts proved, and all reasonable deductions from them, the plaintiff, on all the proof regarding it in the light most favorable to him, ought to recover, the nonsuit ought not to have been granted.

*Charles F. Libby*, for defendant.

SITTING: PETERS, C. J., WALTON, EMERY, WHITEHOUSE, WISWELL, JJ.

WHITEHOUSE, J.   This is an action brought by an employee of the defendant company to recover damages for a fracture of his knee-pan, alleged to have been sustained by reason of the

defective condition of the iron track on which the wheels at the top of a sliding door, in the defendant's warehouse in Portland were made to run, as the door was opened and closed. At the conclusion of the plaintiff's evidence, the presiding judge ordered a nonsuit and the case comes to this court on exceptions to this ruling.

It is the opinion of the court that a verdict for the plaintiff could not properly have been allowed to stand on the evidence reported and that the nonsuit was therefore rightly ordered.

The plaintiff was twenty-five years of age and had been in the service of the defendant company some two years at the time of the accident. On the night of February 8, 1893, he had completed his task of transferring the express matter from the cars to the warehouse, and attempted to close one of the sliding doors, eight feet high and seven feet wide, on the front side of the building. According to his own testimony he had experienced difficulty in closing this door several days prior to this time, and on examination found that by reason of the absence of two screws, the rear end of the iron track on which the wheels ran, had sprung out an inch and a half or more. Thus when the door was rolled back as far as it could go, "it would stick," and he had found it difficult to move it. He explained the defect to the agent, Mr. Durgin, at that time and Durgin promised to repair it. The plaintiff says that on the evening in question he supposed it had been repaired, but finding that it stuck again, he stepped up on a box to find out what the trouble was. Thereupon a fellow-servant by the name of Sparrow came along and he asked him to assist in closing the door, saying to him : "When I tell you to pull, you pull it." Sparrow pulled when the word was given and the plaintiff, standing on the box and pushing in the same direction, lost his balance when the door moved, and fell forward on the floor, receiving the injury of which he complains. He also testifies that, after the accident, he discovered that the trouble with the door was caused by the same defective condition of the track which he had explained to Mr. Durgin.

This statement of the facts discloses at least two fatal objections to the maintenance of the plaintiff's action.

In the first place he was entirely familiar with the condition of the hanging apparatus of the door, as well as of the effect upon the movements of it; and if a sliding door to a warehouse can reasonably be deemed a dangerous piece of mechanism because it binds and sticks when pushed back to the extreme limit, the plaintiff must have known and fully appreciated all such perils as might ordinarily be connected with the use of it. And it is now settled law in this state that if a servant continues in the service of his employer after he has knowledge of any unsuitable appliances, in connection with which he is required to labor, and it appears that he fully comprehends and appreciates the nature and extent of the danger to which he is thereby exposed, he will be deemed to have waived the performance of the employer's obligation to furnish suitable appliances, and to have voluntarily assumed all risks incident to the service under these circumstances. Such an assumption of the risks of an employment by a servant will bar recovery independently of the principle of contributory negligence. *Mundle* v. *Mf'g Co.* 86 Maine, 400, and cases cited; *Miner* v. *Railroad*, 153 Mass. 398.

But the more radical and fundamental objection is that there was no causal connection between the defective condition of the door-hanger and the plaintiff's injury. The injury was not the ordinary or probable result of the defect in the hanging of the door, but was due to a wholly unlooked for and unexpected event which could not reasonably have been anticipated or regarded as likely to occur. The defect was not the real or proximate cause of the injury. It was not a cause from which a man of ordinary experience and sagacity could foresee that such a result might probably ensue. It was simply the opportunity for the operation of the true cause,—his own want of proper care; or the occasion for a purely accidental occurrence causing damage without legal fault on the part of anyone; for pure accidents have not yet been eliminated from the facts of human experience.

The evidence fails to establish any liability on the part of the defendant company.

*Exceptions overruled.*