THOMAS C. CARVER v. THE MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY, Appellant.

Railroads: WRONGFUL ACT OF MAIL CLERK: KNOWLEGDE OF COMPANY. A railway company is not liable in the first instance for injuries resulting from the negligent act of a mail clerk in throwing the mail pouch from a moving car to the station

platform, but may become so liable by permitting the agent to pursue the dangerous practice for a sufficient time to charge it with knowledge of the custom.

**Assumption of Risk. KNOWLEDGE OF DANGER.** Mere knowledge
2 of a dangerous custom is not sufficient to throw the risk thereof upon the person having such knowledge unless he has also appreciated the danger involved.

**Assumption of Risk: INSTRUCTION.** Where one is injured by a
3 mail pouch thrown from a moving car while standing on a station platform at a place other than that at which he knows the pouch is usually thrown, he does not assume the risk and there is no occasion to instruct the jury with reference to assumption of risk as distinct from contributory negligence.

**Assumption of Risk: CONTRIBUTORY NEGLIGENCE.** The distinction
4' between assumption of risk and contributory negligence discussed.

**Negligence of Mail Clerks: LIABILITY OF RAILWAY COMPANY.**
5 Where a railway company is charged with knowledge of the negligent practice of mail clerks in throwing the mail pouch from a moving car to the station platform, it is liable to one rightfully on the platform, for injuries received thereby.  ·

*Appeal from Webster District Court.*—HON. S. M. WEAVER, .Judge.

WEDNESDAY, MAY 13, 1903.

ACTION for personal injuries. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*R. M. Wright* for appellant.

*A. N. Botsford* and *Healy Bros. & Kelleher* for appellee.

McCLAIN, J.—The injury for which plaintiff seeks to recover resulted from his being struck by a mail bag thrown from the mail car in a passenger train on defendant's road while the train was still in motion. Plaintiff, at the time of receiving the injury, was standing on the passenger platform of defendant's road at the town of Otho, and near the north end of such platform, the train

coming from the south. He was thus standing on the passenger platform by reason of his employment, in which he had been engaged for about six years, as carrier of United States mails to and from the mail trains at this station.

It seems to be well settled, and is not specially questioned in this case, that while an agent of the United States postal department, in charge of a mail car, is not a servant of the railroad company carrying mails under contract with the United States government, in such sense that the negligence of the agent in the matter of throwing a mail bag from the train, causing injury to a bystander, is chargeable to the railroad company (*Munster v. Chicago, M. & St. P. R. Co.*, 61 Wis. 325, 21 N. W. Rep. 223, 50 Am. Rep. 141), yet the railway company is responsible in permitting the mail agent to pursue a course of conduct

1. WRONGFUL act of mail clerk: knowledge of railway company with reference to the throwing off of mail bags at stations which is dangerous to bystanders, and if the course of conduct has been continued for a sufficient length of time, so that the railway company is presumed to have had knowledge thereof, its liability will be sufficiently shown. *Galloway v. Chicago, M. & St. P. R. Co.*, 56 Minn. 346 (57 N. W. Rep. 1058, 23 L. R. A. 442, 45 Am. St. Rep. 468); *Carpenter v. Boston & A. R. Co.*, 97 N. Y. 494; *Snow v. Fitchburg R. Co.*, 136 Mass. 552 (49 Am. Rep. 40); *Shaw v. Chicago & G. T. R. Co.*, 123 Mich. 629 (82 N. W. Rep. 618, 9 L. R. A. 308, 81 Am. St. Rep. 230). And the liability of the railroad company in this respect extends to injuries to persons who are rightfully on the platform, regardless of whether or not they are passengers or intended passengers. *Bradford v. Boston & M. R. R.*, 160 Mass. 392 (35 N. E. Rep. 1131). Indeed, we see no reason for any distinction, as to what will constitute negligence, between passengers and other persons rightfully on the platform at a railway station. *Galloway v. Chicago, M. & St. P. R. Co., supra.*

There is no complaint of the submission of this case to the jury so far as the duty of the railway company to persons on the platform is concerned. But counsel for appellant contended in the lower court that plaintiff, having been aware of the usage on the part of the railway clerks to throw the mail bags from the trains before the trains came to a stop (the object being to have the bags drop on the platform, instead of north of the platform, when the train was coming from the south, and at a point where the mail car would necessarily be standing when the passenger car was opposite the platform), assumed the risk of this method of discharging the mail, and that, by reason of this assumption of risk, there was no negligence on the part of the railroad company, of which plaintiff could complain, in knowingly allowing the mail bags to be. thus thrown from the train. Counsel asked an instruction in accordance with this view, which the court refused to give, although a proper instruction was given with reference to contributory negligence, and the refusal to give the instruction as to assumption of risk is now assigned as error. There is certainly some very eminent authority for saying that the doctrine of contributory negligence and that of assumption of risk do not necessarily cover the same ground, and that the fundamental distinction between the two is that where the risk has been assumed there is no negligence, so far as the person who has assumed the risk is concerned, in pursuing a course of conduct such as he has reason to anticipate, and the danger of which he must have fully appreciated. In other words, the doctrine of contributory negligence assumes that there has been negligence on the part of the defendant, and that it is thereupon necessary to determine whether the plaintiff has been in the exercise of such care that he may properly recover for injuries resulting from defendant's negligence —the rule being that, if his want of care has in any way contributed to the injury, he cannot recover, notwith-

standing the fault of the defendant—while the doctrine of
the assumption of risk rests on the principle embodied in
the maxim, "*Volenti non fit injuria*"; that is, no tort
whatever is committed in failing to protect from injury
one who has voluntarily assumed the danger of the injury.
*Leary v. Boston & A. R. Co.*, 135 Mass. 580 (2 N. E. Rep.
115, 52 Am. Rep. 733); *Mundle v. Hill Mfg. Co.* 86 Me.
400 (30 Atl. Rep. 16 ); *Louisville, N. A. & C. R. Co. v.
Corps*, 124 Ind. 427 (24 N. E. Rep. 1046, 8 L. R. A. 636);
*Thomas v. Quartermaine*, 18 Q. B. D. 685. It may, per-
haps, be true that the doctrine of assumption of risk,
while it is usually applied in. actions where the servant
seeks to recover damages on account of the dangerous
manner in which the business of the master has been car-
ried on resulting in his injury, and is properly applied
wherever the relation of master and servant exists,
whether the particular danger has been guarded against
by the master in a contract with the servant or not (*Mar-
tin v. Chicago, R. I. & P. R. Co.*, 118 Iowa, 148), is also
applicable where the relation of master and servant does
not exist between the person injured and the one whose
course of dangerous conduct has occasioned the injury
*Miner v. Connecticut River R. Co.*, 153 Mass. 398 (26 N.
E. Rep. 994); *Wood v. Locke*, 147 Mass. 604 (18 N. E.
Rep. 578); 1 Thompson, Negligence (2d Ed.) section 184.

Notwithstanding the authorities which we have cited,
there seems to be still some doubt about the nature and
scope of the doctrine of assumption of risk, as distinguished
from the doctrine of contributory negligence.
See dissenting opinion of Knowlton, J., in
*Davis v. Forbes*, 171 Mass. 548 (51 N. E. Rep.
20, 47 L. R. A. 198, note). But at any rate, it is well settled
that the mere knowledge of the existence of the custom or
condition which is dangerous is not sufficient to throw the
risk thereof upon the person having such knowledge, unless
he has also appreciated the danger involved. *Fitzgerald*

2. ASSUMPTION
of risk:
knowledge
of danger.

v. *Connecticut River Paper Co.*, 155 Mass. 155 (29 N. E. Rep. 464, 31 Am. St. Rep. 537); *Conley v. American Exp. Co.*, 87 Me. 352 (32 Atl. Rep. 965); *Mundle v. Hill Mfg. Co.*, 86 Me. 400 (30 Atl. Rep. 16); *Warren v. Boston & M. R. R.*, 163 Mass. 484 (40 N. E. Rep. 895); *Illingsworth v. Boston Electric Light Co.*, 161 Mass. 583 (37 N. E. Rep. 778, 25 L. R. A. 552); *Mahoney v. Dore*, 155 Mass. 513 (30 N. E. Rep. 366); *Thomas v. Quartermaine*, 18 Q. B. D. 685.

In the case before us it was found, by an answer of the jury to a special interrogatory, that the usage in regard to throwing mail bags from defendant's train at this station was to so throw them that they should fall on the platform in front of the station house, and not at the north end of the platform, which extended some distance beyond the station house. Assuming, then, that plaintiff knew that the bags were likely to be thrown off while the train was in motion, he was not chargeable with any knowledge of a risk involved in such practice, so far as he was concerned, for it was his custom to stand at the north end of the platform, where he was on this occasion. He did not assume, therefore, any and every danger that might arise from throwing the bags from the car while the train was in motion, and had taken the precaution to place himself in such situation as not to be injured by reason of this practice, and cannot be said to have assumed any risk incident thereto. The idea of counsel seems to be that plaintiff assumed every risk incident to the usage of which he had knowledge, while, conceding everything that can reasonably be claimed for the authorities cited by counsel, the true rule is that plaintiff assumed only such dangers as were reasonably to be apprehended by him to himself in the position which he took as incident to the usage of which he had knowledge. As illustrating this distinction as applicable to a very similar case, see *Muster v. Chicago, M. & St. P. R. Co.*, 61 Wis. 325 (21 N. W. Rep. 223, 50 Am. Rep. 141), where it was

3. ASSUMPTION of risk: instruction.

held that one going to a train to receive the mail to be thrown from the mail car was not precluded from recovering for injuries resulting from being thrown from a platform, the support of which was knocked down by being struck by a mail bag thrown from a moving train, where it appeared that the usage was to throw the bags off some distance from such platform. Under the evidence in this case, therefore, there was no occasion to instruct the jury with reference to assumption of risk, as distinct from contributory negligence, for, giving all the significance which can possibly be attached to it, in connection with the finding of the jury that the bags had never before been thrown off so as to imperil any one at the north end of the platform, there was no possible application for the rule.

We have assumed that in such a case as this there might, under some circumstances, be proper occasion to apply the doctrine of assumption of risk. But we are unwilling to even apparently indorse the recognition of that doctrine as applied to a case where the negligent course of conduct which it is claimed had been assumed and recognized is connected with the discharge of a duty to the general public. We should not be willing to have it thought possible for a municipal corporation, for instance, to escape liability to a person entitled to the use of its streets, by reason of its persistently, notoriously, and intentionally having made those streets dangerous for the use of the public. One who desires to avail himself of a public privilege ought not to be said to have assumed the risk of defective streets in such sense that the city owes him no duty, under the maxim, " *Volenti non fit injuria.*" One who negligently incurs the danger of a defective street may not be entitled to recover for the injury received, but that is not on the theory of assumption of risk, involving no liability on the part of the city, but on the ordinary ground of contributory negligence, which assumes that the city is at fault as

4. ASSUMPTION of risk; contributory negligence.

to a defect in the street, and defeats the plaintiff seeking to recover for an injury from such defect only on the ground that he also has been guilty of negligence.

So in this case the plaintiff, and every other member of the public desiring to transact business or avail himself of the advantages of the service of defendant as a common carrier, including the carrier of mails under contract with the United States government, was entitled to go upon the station platform, and to assume that such platform was a reasonably safe place. Plaintiff was not bound to assume that, because on some previous occasions the defendant had allowed the mail bags to be thrown from its trains in a negligent way, such negligent conduct would be continued, but had a right to assume that it would be discontinued. No doubt, as to a peculiar danger, apparent to him, and which he could reasonably have avoided, he would be guilty of contributory negligence if he failed to use reasonable care in avoiding it. If, in a particular instance, the operation of the train would make a particular place on the platform dangerous, on being notified in any way —either by his own observation, or by advice of the servants of the company—of such danger, he should, if practicable, avoid being at such place and incurring the danger incident thereto; but this is the ordinary doctrine of contributory negligence, and is quite different from the doctrine that, by general notice of a dangerous course of conduct, one who seeks to avail himself of the privileges of the defendant's platform assumes the risk of such course of conduct. Any such rule would make it feasible for a railroad carrier, by posting notices on its platform, "This is a dangerous place," to relieve itself entirely from liability. Such a doctrine would be manifestly unreasonable.

Counsel dwell on the thought that plaintiff actively participated in the dangerous course of conduct, by placing himself in position to throw the mail matter which he

brought for the train into the open door of the mail car before the train had come to a full stop. But the risk involved in his attempting to do so was not the risk incident to the bags being thrown from the train while in motion. He had no control over that matter, had not been consulted about it, and had no occasion to protest, so long as, without contributory negligence on his part, he was able to secure the mail bags after they had been thrown out; and, as has already been stated, he was not guilty of contributory negligence in being where he was, unless he had reason to anticipate that the mail bags would be thrown off so as to strike him at that place. The question of contributory negligence was properly submitted to the jury, and the finding was against the defendant on that issue.

It is further urged, however, in behalf of appellant, that if the course of negligent conduct on the part of the mail agent, as known to the defendant, was to throw off 5. NEGLIGENCE the mail from the moving train at about the of mail clerks: liability of middle of the platform, and not at the north railway company. end of it, where plaintiff usually stood, then, so far as plaintiff was concerned, the defendant was not responsible for the improper conduct of the mail agent in this instance in throwing the mail so that it would strike plaintiff at the north end of the platform. This idea was embodied in the instructions given by the court, and counsel contend that, under the finding of the jury that the mail bags had never before been thrown off at the north end of the platform, the jury should have found defendant not liable for plaintiff's injuries. But the instruction given, and which is to be treated as the law of the case for the jury, was that if, in the exercise of reasonable care on the part of the railroad company, it could not have anticipated that any accident or injury from the throwing of the mail bags at a point at or near the middle of the platform was likely to occur at the place where plaintiff stood at the

time of his alleged injury, then no negligence could be charged against the company. But even if the mail bags had never before been thrown so as to imperil a person at the north end of the platform, nevertheless it was open to the jury to find that, in the exercise of reasonable care on the part of defendant, it could have anticipated an accident as likely to occur at that place from the general practice of throwing the mail bags from the train while in motion. The general practice was negligent; it imperiled the safety of persons on the platform; and we do not think that the jury was bound by the instruction to say that, if the bags had never before been thrown off at the north end of the platform, the usage, if persisted in, was not likely to imperil persons standing at that place. It was the general usage of throwing bags from the train while in motion, and not the usage of throwing them to the middle of the station platform, which constituted the negligence properly complained of.

We find no error in the action of the trial court, and the judgment is AFFIRMED.