J. H. KROEGER, Appellant, v. THE MARSH BRIDGE CO.

**Master and servant:** NEGLIGENCE: ASSUMPTION OF RISK. It is the 1 duty of an employer to furnish his workmen a safe place to work; and a workman does not assume the risks incident to the employer's neglect in this respect unless he knows and appreciates the danger involved in the unsafety of the place; and he is not guilty of contributory negligence unless the danger to which he is exposed is known or can reasonably be apprehended by him.

**Safe place to work:** EVIDENCE. Evidence held to support a finding 2 that the employer failed to furnish a workman, engaged in building a concrete abutment to a bridge, a place in which to work that

was reasonably safe from accident, by reason of the manner of construction and use of an overhead scaffolding.

**Same:** ASSUMPTION OF RISK. While an employé assumes the risk of the negligence of his fellow workmen, he may also assume that his employer has taken reasonable precaution for his safety in the place assigned him and his coemployés to work; he is not bound to inspect his surroundings with respect to his safety, the arrangement, plan and construction of which he had nothing to do with; so that even though a fellow workman is negligent in the use of a scaffolding, still if the same was defectively constructed by the employer the negligence becomes concurrent and the danger incident thereto is not assumed.

**Same:** CONTRIBUTORY NEGLIGENCE. Where a workman when warned of a danger known to him removes himself from the zone of such danger, he is not guilty of contributory negligence because still within the range of another danger of which he had no knowledge.

**Same:** INSTRUCTION: SAFE PLACE TO WORK. An instruction which casts upon a workman, suing for a personal injury, the duty of making an independent investigation, to ascertain if the place in which he is put to work by his employer is safe, is erroneous.

**Same:** ASSUMPTION OF RISK. Where there is nothing in the evidence to show that a workman should have reasonably appreciated the danger causing his injury, the jury should be instructed that he only assumed such risks as he reasonably appreciated, or should have appreciated.

**Same.** The risk assumed by a workman of continuing work in an unsafe place arising from the negligence of the employer, with knowledge and appreciation of the danger, is matter of defense to an action for injury and it is for the employer to show that as a reasonable man the employé should have known and appreciated the danger; this burden is not upon the employé.

**Same.** An instruction which burdens an employé not only with knowledge of the general hazard involved in the work, of which he is presumed to have knowledge, but also of defects which he is not required to investigate unless the same comes to his knowledge, is erroneous.

*Appeal from Linn District Court.*— HON. WM. G. THOMPSON, Judge.

WEDNESDAY, MAY 6, 1908.

ACTION to recover damages for personal injuries.   On

trial to a jury there was a verdict for defendant and plaintiff appeals.— *Reversed*.

*Jamison & Smyth*, for appellant.

*Grimm, Trewin & Moffit*, for appellee.

McCLAIN, J.— The allegations of error relate entirely to the giving of instructions, but as appellee contends that a verdict should have been directed for the defendant, and that, therefore, errors in the instructions were without prejudice, it will be necessary to state the facts disclosed in the record. This is necessary not only for the purpose of determining whether the case should have been submitted to the jury, but also, if we find the submission to have been proper, for the purpose of construing the instructions in relation to the evidence to ascertain whether in any respect there was error in such instructions.

Plaintiff was one of several workmen engaged, under the direction of one Lane as boss, in distributing the concrete over the foundation of a pier being constructed by the defendant in the process of erection of a concrete bridge across the river at Cedar Rapids. The concrete was dumped from wheelbarrows through an opening in an overhead platform. The planks of the platform were twelve feet in length, twelve inches wide, and three inches thick, and, being of oak, were heavy, each weighing from two to three hundred pounds. These planks were spiked at the ends to timbers six inches wide, so that each had a bearing at each end of three inches. But in order to afford openings for dumping the concrete through, a few of the planks were left loose, cleats being nailed on the lower side three inches from each end so as to prevent their slipping or being moved in such way that the ends should slip from the bearings and fall down, to the peril of the workmen below. Just before the accident causing injury to plaintiff, one of these planks had been laid aside

and concrete had been dumped through the opening, the men below, including plaintiff, being warned by their boss to get out of the way. While two men were attempting to replace this plank, one of them, by slipping or inadvertently moving before his end of the plank had been put into position, drew the plank toward him so that the other end was pulled off its three-inch bearing, and it fell to the foundation below, striking on its end. As it thus struck the foundation, the upper end fell toward plaintiff, striking him on the shoulder and inflicting the injury complained of.

Under this state of facts it is argued for appellee that its motion for a verdict should have been sustained because of want of any evidence of negligence on the part of the de-

1. Master and Servant: negligence: assumption of risk.

fendant, because of assumption of the risk by plaintiff, and because of contributory negligence on plaintiff's part. This contention on the part of appellee may be briefly disposed of by saying that it was the duty of defendant to furnish plaintiff a reasonably safe place to work; that plaintiff did not assume the risk of the failure of defendant to furnish such safe place unless he knew and appreciated the danger involved in continuing to work under this platform if it was not reasonably safe; and that plaintiff was not guilty of contributory negligence unless the danger to which he was subjected could reasonably have been apprehended by him.

The evidence tended to show that the platform was not reasonably safe by reason of the danger that by some inadvertence of the men in handling the plank one end should

2. Safe place to work: evidence.

miss the narrow bearing on which it was supported and fall through. This danger, it appears, could have been obviated without interference with the work by putting cross-pieces under the narrow openings so that, while sufficient space was left for dumping the concrete through, the plank could have had a much more secure support at each end, and the danger of its falling could thus have been greatly diminished. The record shows that the

attention of the superintendent in charge of the erection and use of the platform was called to the practicability of affording this additional protection to the men below, and that no effort was made to remedy the defect. This defect, therefore, was involved in the original construction of the platform, and the jury might well find, as it undoubtedly did, that the method of construction was not such as was consistent with reasonable care on the part of the defendant for the safety of its employés. Therefore a finding of neglifence on the part of defendant in failing to furnish plaintiff a safe place to work would have been supported by the evidence.

Plaintiff might assume, in working under this platform, that it was reasonably safe so far as he was concerned; that is, that every reasonable precaution for his safety as against

3. SAME: assumption of risk. a plank falling through from above had been taken. He was not bound to inspect the platform, for he had nothing to do with it, nor with the operation of the plank by the men above. He had no doubt assumed the risk of the negligence of the men handling the plank, but it does not conclusively appear that the falling of the plank was due to the negligence of the men handling it rather than to the insufficiency of the supports furnished at each end, in view of the constantly recurring necessity of taking up and replacing the plank as it became necessary to dump concrete through at that place. Whether the men who handled the plank were negligent or not, if the construction of the platform was defective in view of the use to be made of it, the defendant would be liable for a resulting injury due to the negligence of the men handling the plank, if, by reasonable precautions in construction, the danger of the plank falling, through the negligence of the men handling the same was greatly increased. At most the negligence of the men handling the plank would be concurrent with the negligence of the defendant in failing to properly construct the platform, and the plaintiff cannot be

said to have assumed a risk of negligence of the men handling the plank if the danger of injury from such negligence was greatly increased by the negligent method in which the platform was constructed.

The evidence is not conclusive as to plaintiff's contributory negligence, for the reason that the only danger to be apprehended by him, in the absence of knowledge that the platform was defectively constructed so that the handling of the plank constituted a menace to his safety, was the danger incident to the dumping of concrete down from above. When warning was given he removed himself far enough away to be out of the reach of falling concrete, but as he had no occasion to apprehend the falling of a plank he was not conclusively negligent in remaining in such position that the falling of the plank might imperil his safety.

4. SAME: contributory negligence.

We have but briefly suggested the reasons for our conclusion that the court properly submitted the case to the jury instead of directing a verdict for the defendant, because the primary questions to be determined on this appeal by plaintiff are as to the correctness of the instructions under which the case was thus submitted. It is sufficient to say that there was evidence requiring the submission of the issues to the jury, and that, therefore, errors in the instructions on such submission, if any, were not without prejudice, and appellant is in a situation to insist upon them as grounds for reversal.

The foregoing statement of the evidence on which plaintiff relied is sufficient to enable us to discuss the instructions so far as they are challenged on the plaintiff's appeal. One complaint of the instructions is that the court left it to the jury to find that plaintiff assumed the risk as to the safety of the place, if he knew or by reasonable exercise of care might have known that it was not reasonably safe. It seems to us that this instruction cast upon the plaintiff the duty of inspecting the platform to see whether its construction was proper. The law is well settled

5. SAME: instruction: safe place to work.

that the employé may assume, in the absence of warning or express knowledge on his part, that the place in which he is put to work is a safe place, and that there is no duty resting upon him to pursue an independent investigation on his own account to ascertain whether there is not some defect in construction which renders the place unsafe. *Forbes v. Boone Valley Coal & R. Co.,* 113 Iowa, 94; *Brusseau v. Lower Brick Co.,* 133 Iowa, 245; *Cushman v. Carbondale Fuel Co.,* 116 Iowa, 618. The court erred, therefore, in casting upon the plaintiff practically the same burden as that resting on the defendant with reference to the knowledge that the place in which he was working was unsafe on account of the defects in the construction of the platform.

The court also erred, as we think, in failing to instruct the jury, with reference to plaintiff's assumption of risk, that he only assumed such risk as he reasonably appreciated or should have appreciated the danger of.

6. SAME: assumption of risk.

There is nothing in the record to indicate that he should have reasonably appreciated the danger that on account of insufficient supports for the plank it might fall upon him while he was in a position below out of the way of falling concrete which he had reason to expect. Plaintiff assumed only such dangers as were reasonably to be apprehended in the position which he took. *Carver v. Minneapolis & St. L. R. Co.,* 120 Iowa, 346; *Stomne v. Hanford Produce Co.,* 108 Iowa, 137.

The assumption of risk on the part of the plaintiff in continuing to work in an unsafe place with knowledge and appreciation of the dangers incident thereto arising from the negligence of the defendant is a matter of defense, and it is for the defendant to show

7. SAME.

that as a reasonable man the plaintiff must have known and appreciated such danger. *Martin v. Des Moines Edison Light Co.,* 131 Iowa, 724.

But the court in the case before us made no distinction between the risks incident to the employment and those which

were involved in the failure of the defendant to furnish a

8. SAME.
reasonably safe platform.    The jury were told that if plaintiff knew of the method of doing the business and the hazards incident thereto, and continued in the work without objection, with knowledge of the conditions and appliances, he assumed the risk.    This direction was erroneous in charging plaintiff not only with knowledge of the general hazards involved in the work of which he would be presumed to have knowledge, but also of defects in the platform which he was not bound to investigate or take notice of unless they had, in fact, come to his knowledge and were of such character that as a reasonable man he must have appreciated the consequent dangers.

The jury was not properly instructed, therefore, with reference to plaintiff's assumption of risk, and the judgment is *reversed*.