Frederick G. Kimmerle, Appellant, v. Dubuque Altar Manufacturing Company.

**Master and servant:** NEGLIGENCE: DUTY OF INSPECTION. It is the duty of a manufacturer to exercise ordinary care in furnishing proper and safe material and appliances for his employees; but he is under no obligation to provide for an inspection of the unfinished product at every stage of its manufacture as it passes from one employee to another, so as to ascertain whether each employee had properly performed his part of the work.

**Same:** NEGLIGENCE OF COEMPLOYEE: LIABILITY OF MASTER. When a manufacturer has provided proper material and appliances he is not responsible for the negligence of an employee in failing to properly perform his part of the work before passing it on to a coemployee for another part of the work in the process of manufacture; as the master's duty ends with furnishing proper material, and does not extend to the preparation and finishing of

the same, which are a part of the work to be performed by the employees.

**Same:** DEFECTIVE MACHINERY: GUARDS: BURDEN OF PROOF. The statute requires that the dangerous parts of machinery shall be suitably guarded for the protection of workmen where practicable; and a showing that the dangerous part of the machine which plaintiff was operating was unguarded made a *prima facie* case of negligence, and to avoid liability therefor the burden was upon the employer to show the impracticability of supplying a guard.

*Appeal from Dubuque District Court.*—Hon. Robert Bonson, Judge.

Thursday, February 8, 1912.

Action to recover damages for personal injuries received by plaintiff while in defendant's employment. At the conclusion of the evidence for defendant, the court, on defendant's motion, directed a verdict in its favor, and from judgment on such directed verdict plaintiff appeals. —*Reversed.*

*Kenline & Roedell,* for appellant.

*J. D. Denison, Jr.,* and *Lyon & Lyon,* for appellee.

McClain, C. J.—Plaintiff was, at the time of the happening of the accident which resulted in injury to him, engaged as a machine hand in defendant's employment; the business of defendant being the manufacture, among other things, of church pews. The particular employment of the plaintiff was in operating what is called a "shaper," consisting of a plain table, through the top of which projected a journal, revolving by power applied below, and bearing on its upper end adjustable knives, the rapid revolving of which enabled the plaintiff to shape pieces of wood, prepared for that purpose, into proper form for the support of such pews. The unfinished sup-

ports furnished to plaintiff had been made of proper width by gluing two pieces together into one, and as plaintiff placed one of these supports, with a pattern nailed to it, to the revolving knives, for the purpose of cutting it into shape, the glue joint opened, and his hand struck the knives, and was mutilated.

Substantially five grounds of negligence are relied upon by plaintiff: First, failure on the part of defendant to inspect or provide for the inspection of the supports prepared for plaintiff's use, as they passed, in the process of manufacture, from the hands of the gluer to the hands of the plaintiff; second, furnishing to plaintiff supports for his use on the "shaper" which were not suitable for the purpose on account of being improperly glued, the defective gluing being due to the improper condition of the wood furnished to the gluer for that purpose; third, failure to provide a safe place to work, the place being unsafe on account of the nature of the material furnished for plaintiff's work; fourth, failure to warn plaintiff of the danger of the separation of the glue joints in the pieces of wood furnished plaintiff for his work; and, fifth, failure to provide the "shaper" with a hood, guard, or fender.

There was no evidence, however, that wood was used which was improper for the purpose, nor that a proper and safe method of joining the pieces of wood by gluing was not employed by defendant. We think that a discussion of three alleged general grounds of negligence will cover all of the points made by plaintiff in this respect: First, failure to inspect or provide for inspection of the glued supports, as they passed from the gluer to the plaintiff, to see whether the glue joints were strong enough to warrant the use of the pieces for shaping on the machine; second, failure to furnish the plaintiff pieces of wood which could safely be used on the machine; and,

third, failure to guard the machine by some kind of a hood, guard, or fender.

We shall not discuss the question of failure to warn the plaintiff of the danger, for it is evident that the plaintiff, having had years of experience in the use of woodworking machinery, and several months experience with this particular machine in this kind of work, was in as good a situation as defendant could be to know the probable result of the separation of a glue joint in a piece of wood which he was handling. No erroneous action of the court with regard to failure to warn is relied upon by counsel in argument.

I. It is conceded that the plaintiff and the gluer were co-employees in the operation of manufacturing these pew supports, and that, if the accident resulted from the negligence of the gluer in preparing for plaintiff the particular support, the separation of which resulted in the injury to plaintiff, then defendant was not liable for the consequent injury; but the contention is that the defendant was negligent in not providing for inspection of the supports as they passed from the hands of the gluer to the hands of the plaintiff, in order to prevent supports not properly glued coming into plaintiff's hands. The broad proposition is that at each stage of manufacture defendant should have provided for an inspection, in order to protect the plaintiff against negligence of a co-employee in a previous stage of such manufacture. We find no cases supporting such a proposition as thus broadly made. We have examined the many cases cited for appellant without discovering the recognition in them of any such rule. To adopt it would be to abrogate entirely the fellow-servant rule, and to relieve the employee of the assumption of risk of the negligence of a co-employee, which the law implies. *South Baltimore Car Works v. Schaefer*, 96 Md. 88 (53 Atl. 665, 94 Am. St. Rep. 560); *Healy v.*

1. Master and Servant: negligence: duty of inspection.

*Buffalo, R. & P. Ry. Co.,* 111 App. Div. 618 (97 N. Y. Supp. 801).

Cases are not in point which hold that the duty of inspection, for the purpose of providing the employee with a safe place to work, is one which can not be delegated to a co-employee, so as to relieve the employer from liability. The method of manufacture was, so far as it appears, a safe method. If the defendant furnished proper material in the first instance, the failure to properly handle that material in the process of manufacture was a failure of plaintiff's co-employees to properly discharge their functions. It does not appear that any method of inspection, short of a special inspection by additional employees of each piece of wood as it passed from one stage of manufacture to another, would have disclosed the particular defect which is charged to have occasioned the injury to plaintiff. We think such a continuous and independent inspection during the process of manufacture to ascertain whether each employee had properly discharged his functions, so as to prevent danger to a co-employee, would have been impracticable; and that there is no rule requiring such inspection to be provided for. In this respect, therefore, we are satisfied there was no evidence of negligence on the part of the defendant to be submitted to the jury. See 1 Labatt, Master and Servant, sections 162-164.

II. The consideration suggested in the preceding paragraph of this opinion disposes of the question as to the alleged negligence of defendant in supplying plaintiff with a piece of wood improperly adapted for his use. There was no evidence that the defendant did not pursue proper methods in the selection and preparation of the pieces of wood so to be supplied. There was no evidence that the particular piece which separated in plaintiff's hands was otherwise defective or insufficient, save that it was insufficiently glued; and there was no evidence that

2. SAME: negligence of co-employee: liability of master.

the insufficiency of the gluing was due to any other cause than the negligence of the gluer, from whose hands it passed to the plaintiff.    It was the duty of defendant to furnish plaintiff with proper material and appliances for his work; but when the selection of the material and appliances was left to plaintiff's co-employees, in pursuance of a proper course or method of procedure, defendant had discharged its duty, at least to this extent, that negligence of a co-employee in preparing the material for plaintiff's use was not chargeable to the defendant.    The sufficiency of the glue joints was to be determined by the gluer, and in determining such sufficiency he was not a vice principal, but simply a co-employee of the plaintiff.

In the discharge of the duty of furnishing safe material and appliances, the employer is required to exercise ordinary care and prudence for the safety of his employees. The pieces of wood furnished to plaintiff were not in any sense dangerous appliances, such as that, in the use of them by plaintiff, injury was likely to result, unless some specific inspection was provided.    The case is wholly different from one in which there is inherent danger to the employee by reason of a preceding or existing condition with which he is not familiar.    Cases relied on for appellant are, therefore, not applicable.    See *Huggard v. Glucose Refining Co.*, 132 Iowa, 724; *Brusseau v. Lower Brick Co.*, 133 Iowa, 245; *Long v. Johnson County Telephone Co.*, 134 Iowa, 336; *McGuire v. Waterloo & C. F. Union Mill Co.*, 137 Iowa, 447; *Kroeger v. Marsh Bridge Co.*, 138 Iowa, 376; *Kerker v. Bettendorf Metal Wheel Co.*, 140 Iowa, 209; *Northern Pac. R. R. Co. v. Herbert*, 116 U. S. 642 (6 Sup. Ct. 590, 29 L. Ed. 755); *Covington Sawmill & Mfg. Co. v. Clark*, 116 Ky. 461 (76 S. W. 348; *Neveu v. Sears*, 155 Mass. 303 (29 N. E. 472); *Toy v. U. S. Cartridge Co.*, 159 Mass. 313 (34 N. E. 461); *Chambers v. Wampanoag Mills*, 189 Mass. 529

(75 N. E. 1093); *Dunleavy v. Sullivan,* 200 Mass. 29 (85 N. E. 866).

The duty of the master to furnish safe material and appliances with which the employee is to work does not extend to instrumentalities by the finishing and prepara-

3. SAME: defect-ive machinery: guards: bur-den of proof.

tion of which for themselves part of the work is to be performed. *Fraser v. Red River Lumber Co.,* 45 Minn. 235 (47 N. W. 785); *Burns v. Sennett,* 99 Cal. 363 (33 Pac. 916); *Divver v. Hall,* 21 Misc. Rep. 452 (47 N. Y. Supp. 630); *Stourbridge v. Brooklyn City R. Co.,* 9 App. Div. 129 (41 N. Y. Supp. 128). We think there was no evidence tending to show any negligence of defendant with reference to the preparation for plaintiff's use of the pieces of wood which separated in his hands.

III.   Relying upon the statutory provision that "it shall be the duty of the owner  .  .  .  of any manufacturing or other establishment where machinery is used to furnish and supply  .  .  .  belt shifters or other safe mechanical contrivances  .  .  .  all saws, planers, cogs, gearing, belting, shafting, set screws, and machinery of every description therein shall be properly guarded" (Code Supp. section 4999-a2), appellant sought to show in the lower court that the revolving knives about which he was working in the discharge of his duties should have been guarded by some hood, guard, or fender. Two witnesses testified that there was no guard on the "shaper" at which plaintiff was at work, nor anything in any way protecting the operator from danger of injury by the machine. We think that under the statute this evidence was sufficient to make out a *prima facie* case for the plaintiff as to defendant's negligence. The statute plainly requires saws and similar machinery to be guarded, and when there is evidence showing that such machinery was not guarded, and that an accident happened to an employee working with such machinery, then it is for the defendant to show,

if he can, that no guard was practicable which would have been reasonably calculated to prevent the accident which occurred. *Caspar v. Lewin*, 82 Kan. 604 (109 Pac. 657). In *Davis v. Mercer Lumber Co.*, 164 Ind. 413 (73 N. E. 899), the plaintiff assumed the burden of introducing evidence to prove the practicability of a guard which would have tended to prevent the occurrence of the accident which happened; but we do not regard this case as essentially holding the burden of proving the practicability of a guard to be on the plaintiff. If such holding is to be assumed in that case, then we are not disposed to follow it.

In view of our conclusion that there was sufficient evidence to take the case to the jury on the question whether the defendant failed to comply with the statutory requirement of the guarding of the machine at which plaintiff was injured, it is not necessary to discuss some rulings on the admissibility of evidence which are called in question by appellant.

For the reason pointed out in the last division of this opinion, the judgment of the trial court is *reversed*.