LOUIS P. JARVIS *vs.* COES WRENCH COMPANY.

Worcester.     October 1, 1900. — November 28, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Personal Injuries — Duty to instruct which cannot be delegated.*

While it may be said that the plaintiff in this case, which was an action for personal injuries caused by the bounding back of a block which he had pushed against a circular saw, knew that there was some danger in working on the saw, yet he had no knowledge that there was danger of the piece of wood bounding back; and this danger the jury might well have found was known to the defendant, who was bound to see, before the plaintiff was set to work upon the machine, that he was duly instructed on this point; and this was a duty which could not be delegated.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ. The first count of the declaration was for a defect in the machine. The second count was as follows: " And the plaintiff says that on or about the first day of April, A. D. 1899, he was in the employ of the defendant, and was by it set and directed to engage in a difficult and dangerous work, of the difficulties and dangers of which he was ignorant, and which the defendant well knew; and the plaintiff says that the defendant carelessly and negligently set and put him to the performance of said work without giving him any notice of caution as to the difficulties or dangers thereof, or any instruction as to the proper manner of performing the same, whereby, and while so employed, and in the exercise of due care, he was hurt and injured."

At the trial in the Superior Court, before *Gaskill*, J., the defendant requested a ruling that upon all the evidence the plaintiff could not maintain his action. The judge gave the ruling on the first count, but refused to give it upon the second count.

The jury returned a verdict for the plaintiff upon the second count; and the defendant alleged exceptions, which appear in the opinion.

*T. H. Gage, Jr. & W. S. B. Hopkins*, (*F. B. Smith* with them,) for the defendant.

*J. W. Sheehan*, (*L. Cutting* with him,) for the plaintiff.

LATHROP, J. We are of opinion that on all the evidence in the case the judge properly ruled that the plaintiff was entitled to go to the jury on the second count of the declaration.

The plaintiff was a boy fifteen years old on July 18, 1898. On August 1, 1898, he went to work in the defendant's factory, and was injured the first of the following April. Until within three weeks of his injury he was at work on a "groove machine," and was then directed to go upstairs and saw blocks by a circular saw. He was asked if he could do it, and he said "No." He was then directed to go up and was shown how to saw short blocks. There was a gauge on the saw and it ran in a groove. The block to be sawed was put against the gauge and pushed by a handle against the saw. After working on the short blocks he was set to work sawing long blocks three days before the accident. The gauge was removed, and the plaintiff was told to catch hold of the end of the block and press it up against the saw. He received no further instructions.

The plaintiff testified: " I was sawing blocks as I had been directed, the same way he [one Curran] had told me. . . . I pushed it against the saw and the block bounded back, and my left hand went under. I was cut right across the knuckles by the circular saw." On cross-examination the plaintiff testified: " Curran went up there with me. He told me to put one hand on one side of the saw and the other hand on the other, and shove the block up toward the saw. He showed me how to do it a couple of times. He left me with the saw. I sawed them two or three days. The morning of the accident, the block bounded back."

There was also evidence of a person familiar with circular

saws that unless the stick was run square with the saw it would kick back unless the speed was lessened ; that this was likely to happen without a gauge or without a shove rest ; and that gauges are usually used on saws of this character.

Curran, who was called by the defendant, testified that he had charge of the department where the plaintiff worked ; that he showed the plaintiff how to saw the long blocks, and where to put his hands on the block and shove it up to the saw ; that he knew there was some danger if a piece or block of wood was not pressed squarely against the saw ; that there was some danger of its bucking or jumping back ; and that he did not say anything to the boy about the kicking, though he spoke about danger, but not any particular danger.

While it may be said that the plaintiff knew that there was some danger in working on a circular saw, yet he had no knowledge that there was danger of the piece of wood bounding back. This danger the jury might well have found was known to the defendant, and it was bound to see, before the plaintiff was set to work on the machine, that he was duly instructed on this point. This was a duty which could not be delegated. *Wheeler v. Wason Manuf. Co.* 135 Mass. 294, is a case which seems to us to be conclusive of the one before us. In that case, as in this, the plaintiff was injured, while working on a circular saw, in consequence of the wood he was cutting jumping back. It was held that the duty of giving warning to the servant could not be delegated ; that while the general danger of coming in contact with a saw was plain, the master was bound to see that an inexperienced workman was warned of any peculiar danger ; and that the master must be held responsible for an injury which occurred in consequence of his failure to see to it that a proper notice was given. The peculiar danger in that case, as in this, was the liability of the wood to spring back.

The case of *Wilson v. Steel Edge Stamping & Retinning Co.* 163 Mass. 315, relied upon by the defendant, was decided upon the ground of the plaintiff's negligence. The plaintiff there knew that the saw " would make the wood it was sawing fly up and fly back with force " ; and it was said : " For him with this knowledge to risk his hand by placing it on the outer edge of the rear end of the stick, and attempting with his hand to hold the stick

and to push it forward through the saw, was that disregard without adequate reason of great and obvious danger which the law holds to be negligence." In the case at bar the plaintiff had no such knowledge. He was set to do a piece of work in the way pointed out to him, without any warning of the danger to which he would be exposed if the piece of wood should fly back.

We have examined the other cases cited by the counsel for the defendant, but have found none which requires any comment.

*Exceptions overruled.*