[L. A. No. 961.    Department Two. — August 30, 1901.]

THOMAS F. TEDFORD, Respondent, v. LOS ANGELES ELECTRIC COMPANY, Appellant.

MASTER AND SERVANT — DUTY OF EMPLOYER — SUITABLE APPLIANCES — WARNING TO INEXPERIENCED EMPLOYEE. — It is the personal duty of an employer to furnish his employee with suitable appliances, and to warn an inexperienced employee, who is put at dangerous work, requiring the exercise of skill, of the dangers attending such work, of which the employer is aware, and the employee is ignorant.

ID. — DELEGATION TO SUPERIOR FELLOW-SERVANT — VICE-PRINCIPAL. — The employer cannot escape responsibility for neglect of any of the duties personally imposed upon him, by delegating them to a superior fellow-servant. The fellow-servant, in such case, becomes a vice-principal, who represents the employer.

ID. — NEGLIGENCE — INJURY FROM LIVE ELECTRIC WIRE — INEXPERIENCED LINEMAN — NEGLECT OF SUPERIOR FELLOW-SERVANT. — An electric company is responsible for injury from a live electric wire to an inexperienced servant, who had never performed the work of a "lineman," which required great skill, and to which he was as-

signed by a superior fellow-servant, and required to ascend a pole and scrape the wire, without being furnished with rubber gloves, or other protective appliances used by linemen, and without any instruction or warning as to the dangers attending the work, of which he was ignorant.

ID. — EXCESSIVE VERDICT. — Where it cannot be said, as matter of law, that the verdict for damages awarded by the jury is excessive, it cannot be disturbed upon appeal, although it appears large, and it may seem that a smaller amount would be more just.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.    M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Gibbon, Thomas & Halstead, Cheney & Taylor, and J. W. McKinley, for Appellant.

The plaintiff was injured by the neglect of a fellow-servant, and cannot recover.    (*McLean* v. *Blue Point Gravel Mining Co.*, 51 Cal. 255; *Fagundes* v. *Central Pacific R. R. Co.*, 79 Cal. 97; *Alaska Mining Co.* v. *Whelan*, 168 U. S. 88; *Daves* v. *Southern Pacific Co.*, 98 Cal. 19;[1] *Long* v. *Coronado R. R. Co.*, 96 Cal. 269; *Mast* v. *Kern*, 34 Or. 247;[2] *Stevens* v. *San Francisco etc. R. R. Co.*, 100 Cal. 554; *Trewatha* v. *Buchanan Gold Mining etc. Co.*, 96 Cal. 495; *Central R. R. Co.* v. *Keegan*, 160 U. S. 259; *Martin* v. *Atchison etc. R. R. Co.*, 166 U. S. 399; *Donovan* v. *Ferris*, 128 Cal. 48;[3] *Callan* v. *Bull*, 113 Cal. 602.)    Whether the injury was received from a fellow-servant is a question of law to be determined by the court, and not by the jury.    (*Donnelly* v. *San Francisco Bridge Co.*, 117 Cal. 424; *Callan* v. *Bull*, 113 Cal. 593; *Crispin* v. *Babitt*, 81 N. Y. 516;[4] *Moody* v. *Hamilton Mfg. Co.*, 159 Mass. 70.[5])

Henry T. Gage, and W. I. Foley, for Respondent.

There was the neglect of the personal duty of the employer to warn the plaintiff, as an inexperienced servant, of unknown peril, attending the employment to which he was put.    (Shearman and Redfield on Negligence, 3d ed., sec. 203; *Ingerman* v. *Moore*, 90 Cal. 420;[6] *Ryan* v. *Los Angeles I. & C. S. Co.*, 112 Cal. 244, 253; *Gibson* v. *Sterling Furniture Co.*, 113 Cal. 6; *Verdelli* v. *Gray's Harbor etc. Co.*, 115 Cal. 523; *Foley* v. *California Horse-*

[1] 35 Am. St. Rep. 133.    [4] 37 Am. Rep. 521.
[2] 75 Am. St. Rep. 580, and note.    [5] 38 Am. St. Rep. 396.
[3] 79 Am. St. Rep. 25.    [6] 25 Am. St. Rep. 138.

*shoe Co.*, 115 Cal. 195;[1] *Hanley* v. *California B. & C. Co.*, 127 Cal. 232; *Higgins* v. *Williams*, 114 Cal. 182.) The personal duties of the master are non-transferable, and that liability remains even after the delegation of their performance to a superintendent, agent, or fellow-servant. (*Daves* v. *Southern Pacific Co.*, 98 Cal. 24;[2] *Mullin* v. *California Horseshoe Co.*, 105 Cal. 77; *Verdelli* v. *Gray's Harbor etc. Co.*, 115 Cal. 524; *Callan* v. *Bull*, 113 Cal. 600; *Higgins* v. *Williams*, 114 Cal. 181.) Where a servant is transferred to new duties, and the risks are more hazardous than the servant has a right to expect, he does not assume such risks, and the omission of the defendant to instruct or warn him is actionable negligence. (*Clark* v. *Liston*, 54 Ill. App. 578; *Northwestern Fuel Co.* v. *Danielson*, 57 Fed. Rep. 915; *Burke* v. *Anderson*, 69 Fed. Rep. 814; 34 U. S. App. 132; 16 C. C. A. 442.) The question as to whether a superior servant is a fellow-servant or a vice-principal is one of fact to be determined by the jury, under proper instructions. (*Wilson* v. *Charleston etc. Ry. Co.*, 51 S. C. 79; *Loughlin* v. *State*, 105 N. Y. 159; *Blackman* v. *Thomson-Houston Electric Co.*, 102 Ga. 64.)

McFARLAND, J.— This is an action to recover damages for personal injuries, alleged to have been suffered by plaintiff through the negligence of defendant. The jury returned a verdict for the plaintiff in the sum of fifteen thousand dollars. Defendant appeals from an order denying his motion for a new trial.

Defendant is a corporation engaged in furnishing, carrying, and distributing electricity through the city of Los Angeles, for lighting, motive power, etc., over poles and running wires, along the streets and public places of said city.

Plaintiff was an employee of defendant, and at the time when the injuries complained of were received was at work about eighteen feet above the ground, on one of the poles of defendant's system. He was standing on a small platform attached to the pole, and was engaged in scraping one of the wires, when he suddenly fell to the ground and was badly injured. It is not contended that the place where plaintiff was working was unsafe on account of its height or for any defect in the platform. It is averred, however, in the complaint that his fall was caused by a strong electrical shock, which rendered him unconscious and threw him backwards to

---

[1] 56 Am. St. Rep. 87.    [2] 35 Am. St. Rep. 133.

the ground; and there was sufficient evidence to warrant the jury in finding that this averment was true. At the time of the action, plaintiff was working under the directions of one Burge, who was a foreman in charge of a gang of men of which plaintiff was one, and at this time Burge was himself working on the same pole, several feet above the platform on which plaintiff stood. The evidence does not make it entirely clear how the current of electricity came in contact with plaintiff's person. It is averred in the complaint that at the time plaintiff reached the platform there was a strong current running, at that point, through the wires, parts of which were not insulated. Defendant contends that this was not true; that the wires then were all "dead"; and that if plaintiff was touched by a current at all, such current was turned on afterwards by the said Burge; and therefore defendant contends that if plaintiff was injured at all by a current of electricity which was negligently permitted to pass through the wires where he was working, the negligence was that of Burge; that the latter was a co-employee and fellow-servant with plaintiff; and that plaintiff cannot recover of the employer, the defendant, for injuries caused by the negligence of the fellow-servant, Burge. There is no doubt that plaintiff and Burge were, in a general sense, fellow-servants. This relation between them was not changed by the fact that Burge occupied a superior position in the general service. (*Donovan* v. *Ferris*, 128 Cal. 48,[1] and cases cited.) If, therefore, plaintiff was injured by the negligence of Burge, and the negligence did not involve a duty which the defendant, as employer, owed personally to plaintiff as employee, then the offending fellow-servant was alone responsible, and the judgment against defendant was unwarranted, as there is no claim that there was any want of care in selecting Burge, or that he was in any way incompetent.

But there are certain duties which an employer owes personally to his employees, and he cannot avoid responsibility for injury to one servant, caused by the failure to perform such duties by delegating their performance to another servant. In such case the fellow-servant to whom the performance of such duties is assigned becomes, with respect to that particular duty, the special representative of the employer, — sometimes called a vice-principal. In such case the negligence of the servant is

[1] 79 Am. St. Rep. 25.

the negligence of the principal, for which the latter must answer. (See *Daves* v. *Southern Pacific Co.*, 98 Cal. 13;[1] *Callan* v. *Bull*, 113 Cal. 593; *Elledge* v. *National etc. R. R. Co.*, 100 Cal. 282;[2] *Nixon* v. *Selby etc. Co.*, 102 Cal. 458.) Some of such duties well established in the law are, to furnish proper machinery and appliances and keep them in repair, to exercise care in selecting competent servants, to take reasonable care for the safety of the employees, etc. It is also one of these duties to give careful instructions, directions, and warnings to a youthful or inexperienced servant of unusual and hidden dangers, of which the employer is aware, and of which the servant, to the employer's knowledge, is ignorant. (*Ingerman* v. *Moore*, 90 Cal. 410,[3] and authorities cited; *Ryan* v. *Los Angeles etc. Co.*, 112 Cal. 244; *Gibson* v. *Sterling Furniture Co.*, 113 Cal. 1; *Verdelli* v. *Gray's Harbor etc. Co.*, 115 Cal. 517; *Higgins* v. *Williams*, 114 Cal. 176; *Mullin* v. *California Horseshoe Co.*, 105 Cal. 77; *Henley* v. *California etc. Co.*, 127 Cal. 232.) And in such case the employer cannot escape the responsibility by delegating this duty to a fellow-servant of the person injured. (See cases above cited.) Now, in the case at bar it is averred in the complaint that plaintiff was employed by defendant as a common, unskilled laborer, to do "the ordinary work of digging holes for electric poles, repairing electric poles, driving a horse and wagon, and in performing other street-work for the maintenance of said poles and wires used in said business of the defendant, and said work was not of a skilled kind, nor was said work of a dangerous character." It is further averred that the work of a "lineman" in defendant's business required great skill and care, and was of a dangerous character; that the dangerous character of such work was well known to defendant, but that plaintiff was wholly unacquainted with the duties and dangers of such work, and wholly unskilled therein, — "all of which was at all times herein stated known to said defendant, and said plaintiff did not know, nor was he ever informed by said defendant, nor by any one else, of the dangerous character of such work, nor of the risk incident thereto." And it is further averred that, being thus, to defendant's knowledge, inexperienced, and ignorant of the dangers of the work of a lineman upon wires, he was, without any instructions or warning, and without being furnished with rubber gloves or other protective

[1] 35 Am. St. Rep. 133.         [3] 25 Am. St. Rep. 138.

[2] 38 Am. St. Rep. 290.

appliances used by linemen, negligently ordered by defendant to ascend said pole and scrape the wires. While there was some conflict in the testimony as to some of these averments, there was sufficient evidence to warrant the jury in finding that they were true. And this being so, it was the duty of defendant to inform and warn plaintiff of the peril to which he ignorantly exposed himself by coming in contact with an invisible and dangerous electrical current. The contention, therefore, that, under the law, the verdict was not warranted by the evidence cannot be maintained.

There are a number of exceptions to instructions given by the court on its own motion; to instructions given at the request of plaintiff; and to the refusal of instructions asked by defendant. We do not, however, deem it necessary to discuss these instructions in detail. If the law be as above stated, — that is, if the duty to instruct and warn plaintiff as above stated was a duty which defendant personally owed to plaintiff, and which it could not avoid by delegating it to Burge, — then the rulings of the court in giving and refusing instructions were correct. The main objection made by defendant to these rulings is, that they should have been made upon the theory that Burge and plaintiff were fellow-servants, and that the general rule as to injuries caused by the negligence of a fellow-servant should be rigidly applied to the case at bar, and that defendant was not responsible if Burge neglected to inform and warn plaintiff of the dangers, to him unknown, to which a compliance with Burge's order exposed him. In the instructions on other points we see no error. Questions of fact were properly submitted to the jury.

It is strenuously contended that the verdict is excessive. The amount of damages awarded by the jury was, under the circumstances, quite large; a smaller amount would, perhaps, have been more just; but we cannot say that, as a matter of law, the verdict should be set aside on the ground of excessive damages.

The order appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.