ROBERT J. FLINT *vs.* THOMAS A. KELLY.

Essex.  November 6, 1901. — December 31, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & LORING, JJ.

*Negligence*, Employer's liability, Contributory.

In an action by an employee learning to be a shaver of hides in the defendant's shoe leather factory, for injuries received by the plaintiff by having his hand cut by knives attached to a revolving cylinder while trying to adjust a roller to the cylinder, it appeared, that adjusting the roller was part of the ordinary duty of the operator of such a machine and there was testimony that the plaintiff was doing it in the ordinary way, that the machine he was working on was old and was without the guards which were on similar machines in the defendant's factory, and that defects were discovered in the machine after the accident, and there was evidence tending to show that some of these defects caused the roller to start suddenly and to draw the plaintiff's hand upon the knives, while if the machine had been in good repair, there would have been but little danger. It did not appear that the plaintiff knew and appreciated the risk from these defects. *Held*, that it could not be said as a matter of law that the plaintiff was not in the exercise of due care.

TORT by an employee learning to be a shaver of hides in the defendant's shoe leather factory, for injuries received from having his hand cut by the knives attached to a revolving cylinder of a machine while engaged in "truing" or adjusting the roller to the cylinder. Writ dated August 7, 1899.

At the trial in the Superior Court, *Mason*, C. J., at the close of the evidence ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. F. Quinn & W. A. Kelley*, for the plaintiff.

*H. P. Moulton*, (*J. H. Pearl* with him,) for the defendant.

KNOWLTON, J.   There is much in this case to indicate that the plaintiff was negligent in putting his hand on a revolving roller which would be likely to be set in motion and to bring his hand in contact with the revolving knives the instant that it was pushed against the edge of any of the knives.   The question whether there was any evidence to show due care on the part of the plaintiff is by no means free from difficulty.   Upon some of the questions in this part of the case the weight of evidence was very strongly in favor of the defendant, while at the same time there was some testimony in favor of the plaintiff.

The accident happened while the plaintiff was engaged in the operation of " truing" his roller, that is, adjusting it to the cylinder so that the skins would be shaved to a uniform thickness. There was evidence from which the jury might have found that " truing" the roller was a part of the ordinary and usual duty of the operator of such a machine.   There was also some testimony that he was doing it as other operators were accustomed to do it.   There was evidence that he received no definite or specific instructions as to the proper method of truing the roller or getting an impression of the knives upon it.   See *Jarvis* v. *Coes Wrench Co.* 177 Mass. 170.   The machine that he was working on was old, and was without guards such as were on other similar machines in the defendant's factory.   There was evidence of defects discovered in it after the accident, and there was also testimony tending to show that some of these defects caused the roller to start suddenly and to draw the plaintiff's hand upon the knives, while if the machine had been in good repair there would have been but little danger.   It does not appear that the plaintiff knew and appreciated the risks from these defects, and it cannot be said as matter of law, upon the undisputed evidence, that he was not in the exercise of due care. Without reviewing the evidence at length, we are of opinion that the case should have been submitted to the jury.

*Exceptions sustained.*