[S. F. No. 3058.    Department Two.—January 4, 1905.]

# HUGH L. SHEA et al., Respondents, v. PACIFIC POWER COMPANY, Appellant.

ACTION FOR DEATH—BURSTING OF BOILER—REPAIRS—NEGLIGENCE OF ENGINEER—FAILURE TO APPLY BURSTING TEST.—In an action by heirs for the death of an intestate caused by the blowing off of the mud-drum of defendant's boiler, while the deceased was employed as a fireman by the defendant, owing to the negligence of defendant's engineer in failing to employ the bursting test after repairs, the negligence of the engineer whose duty it was to look after the engine and boiler, in failing to see that the boiler was kept in a safe condition, was the negligence of the defendant.

ID.—PROVINCE OF JURY—CUSTOM AS TO TEST—BELIEF OF WITNESSES—CIRCUMSTANCES.—The jury were not bound to take the statement of two witnesses that the bursting test was not usual or customary, as against that of one witness to the contrary, corroborated by the circumstances, showing that it had been treated as the usual and proper test of the boiler in question; and it cannot be held as matter of law under the evidence that it was not necessary or customary to apply the bursting test.

ID.—NECESSITY FOR BURSTING TEST.—If it was necessary to apply the bursting test after the boiler had been originally set up and the mud-drum had been coupled to it, it was equally necessary to apply the same test after the repairs were made as disclosed by the evidence.

ID.—REPAIRS BY INDEPENDENT CONTRACTOR—LIABILITY OF OWNER—REASONABLE DILIGENCE—QUESTION OF FACT.—The owner of an engine and boiler is not absolved from liability on account of the bursting of a boiler merely because an independent contractor was procured to repair it; but the question whether he had used reasonable diligence to keep it in a safe condition, or whether the death was the direct and proximate result of a want of ordinary care on the part of the engineer, was a question of fact for the jury.

ID.—EVIDENCE—FORMER CONDITION OF PACKING-RINGS—OFFER.—It was not error to overrule an objection to evidence of the plaintiff as to the condition of the packing-rings and their efficiency for preventing the oil from getting into the boiler a year or two before the accident, coupled with a statement that it would be shown that this condition of things continued down to the time of the accident.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion.        .

Van Ness & Redman, for Appellant.

Mullany, Grant & Cushing, for Respondents.

GRAY, C.—This action is brought by the heirs of John H. Shea to recover damages for his death, he having been scalded to death while in the employ of defendant as a fireman, as the result of the blowing off of the mud-drum from defendant's boiler.

The plaintiffs had a verdict for twenty-five thousand dollars. Rather than have a new trial of the case, plaintiffs consented that the judgment should be for ten thousand dollars only. The defendant appeals from the judgment and from the order denying it a new trial.

The main contention of appellant is, that there is no evidence that the blowing off of the mud-drum was in any way the result of defendant's negligence, and hence nothing to show that the death of Shea was caused by the negligence of defendant. It is argued that the parting of the mud-drum from the boiler was occasioned altogether by a structual weakness in the latter, and that it was caused by the failure on the part of the constructor of the boiler to properly bell or expand the nipple which connected the mud-drum with the headers of the boiler-tubes. It would serve no useful purpose to here recite the evidence. It is sufficient to say that in our opinion there was some substantial evidence tending to support the theory that the excessive amount of oil that was allowed to enter the boiler and accumulate there from month to month in some way weakened the holding power of the nipple and caused it to pull out of the mud-drum. The evidence also tended to show that allowing so much oil to enter the boiler might have been avoided by proper care, and that its presence in such large quantities was evidence of a want of ordinary care in handling the engine and boiler. Aside from this it also appears that the boiler had been in use for some four years at the time of the accident. When it was first set up a three-hundred-pound-pressure hydrostatic test was applied to it, otherwise called the bursting test. A few weeks before the accident it had been discovered that the boiler needed repairing; one of the nipples was leaking,

apparently the one that subsequently pulled off. The repairs were made, consisting, among other things, in expanding the end of the nipple which was inserted in the mud-drum. Subsequent to these repairs the bursting test was not applied to the boiler. Two certain witnesses testified that it was not usual or customary to apply this test, but that the test for leaks at a pressure of about two hundred pounds to the square inch was the customary one. Smith, the engineer in charge of the engine and boiler, on the contrary, testified in substance that the bursting test should have been applied, but that he applied only the leaking test after the repairs. A short time thereafter the mud-drum blew off when the boiler was being worked at no greater pressure than two hundred pounds to the square inch. It is apparent that if the bursting test of three hundred pounds had been applied after the repairs the mud-drum would have thereby been blown off, revealing the defective holding power of the nipple, and Shea would not have lost his life in the subsequent explosion. The jury were not bound to take the statement of the two witnesses that the bursting test was not usual or customary as against the one witness, corroborated by the circumstances, showing that it had been treated as the usual and proper test of this very boiler. We do not feel warranted in holding that, as a matter of law, the evidence and circumstances developed in this case established that it was not necessary or customary to apply the bursting test. The negligence of the engineer of defendant who ran the engine in failing to see that it was kept in a safe condition was the negligence of the defendant. (*Tedford* v. *Los Angeles Electric Light Co.,* 134 Cal. 76.) We think the jury were warranted in finding, as we have a right to infer they did find, that the engineer whose duty it was to look after the engine and boiler was negligent in not seeing to it that the bursting test was either applied by himself or some other person after the repairs were completed. If it was necessary to apply this test after the boiler had been originally set up and the mud-drum had been coupled to it, it was equally necessary to apply the same test after the repairs were made as disclosed by the evidence.

It is not, and never has been, the law in this state that the owner of an engine and boiler is absolved from all liability on account of the bursting of the boiler while in his use,

simply by procuring an "independent contractor" to repair it. It is plain that in addition to this he must use reasonable diligence to see that it is kept in repair. Whether he has used reasonable diligence is almost always a question of fact for the jury. And it was for the jury, aided by the trial judge, to measure the evidence, not only as to what witnesses testified to directly but as to the circumstances developed and the inferences to be drawn therefrom and the conclusions of fact to be reached, and thus solve the ultimate question as to whether the death of Shea was the direct and proximate result of the want of ordinary care on the part of defendant's engineer. (*Pacheco* v. *Judson Manufacturing Co.,* 113 Cal. 541.) We see no ground for interfering with the decision of the court and jury as to the facts in the case. Nor do we find any material error of law in any action of the trial court.

The evidence as to the condition of the packing-rings and their efficiency for preventing the oil from getting into the boiler a year or two before the accident was coupled with a declaration on the part of respondent that it would be shown that this condition of things continued down to the time of the accident. In view of this declaration there was no error in overruling the objection to the evidence.

Some other objections are urged to the rulings of the court in the admission and rejection of evidence, but the evidence excluded or admitted was not of sufficient importance to affect the result in the case, and for this reason we deem it unnecesary to separately discuss each one of these objections.

We see no error of the court in giving or refusing instructions. Indeed the appellant fails to specifically point out any error in this direction.

We advise that the judgment and order appealed from be affirmed.

Harrison, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Lorigan, J., Henshaw, J.

Hearing in Bank denied.