[S. F. No. 4731. In Bank.—December 8, 1909.]

## ALBERT PIGEON, Respondent, v. W. P. FULLER & CO. (a Corporation), Appellant.

MASTER AND SERVANT—DANGEROUS EMPLOYMENT—LEAD POISONING— NEGLIGENCE OF MASTER—FAILURE TO WARN SERVANT—SUFFICIENCY OF COMPLAINT.—In an action for damages from lead poisoning caused to plaintiff while employed in defendant's lead works, a complaint which alleges the defendant's knowledge of the dangerous character of the employment, the plaintiff's ignorance of such danger, and the fact that the defendant negligently failed, at the time it employed plaintiff, or thereafter, to warn or inform him of the danger of such employment, states a sufficient cause of action.

ID.—RULE AS TO PLEADING NEGLIGENCE—KNOWLEDGE IMPLIED.—It is the settled rule in this state that it is sufficient to allege negligence in general terms, specifying, however, the particular act alleged to have been negligently done. In other jurisdictions, in which the same rule applies, it is held that an allegation that a defendant did a certain thing negligently carries with it the averment that he had,

or was at fault in not having, the knowledge necessary to make his act a negligent one.

Id.—Effect of Averment of Negligent Failure to Warn—Knowledge of Need of Warning.—It appearing that defendant knew the dangerous character of the employment, the averment that defendant negligently failed to warn the plaintiff of the danger, was an averment that defendant knew, or should have known that plaintiff stood in need of warning.

Id.—Special Issues—Mandatory Provision—Power of Court to Determine Propriety of Particular Questions.—Although, at the time of the trial, it was mandatory upon the court, at the request of a party, to submit special issues to the jury, yet the court had power to determine whether or not a particular question propounded was a proper one for submission, and was not required to submit questions the answers to which would not be plain and direct, or which, if made in favor of the party requesting it, would not be inconsistent with a general verdict in favor of his adversary.

Id.—Interrogatory as to Plaintiff's Entire Ignorance of Danger. —An interrogatory by defendant, "Was plaintiff entirely in ignorance of such danger?" was not required to be submitted or passed upon by the jury, since a negative answer thereto would not be inconsistent with a general verdict for the plaintiff.

Id.—Degree of Knowledge of Danger Required for Assumption of Risk.—A servant is not precluded from recovery against a master who, without proper warning or instruction, puts him to work in a dangerous place, by the fact that he may have some degree of knowledge or comprehension of the danger, without fully appreciating its nature and extent. He will not be held to have consented to assume the risk, unless there is a thorough comprehension on his part of the danger and the risk, and a voluntary undertaking by him of the risk and danger; nor will he be deemed to have assumed the risk of hidden dangers which are, to the knowledge of the master, not apparent to him.

Id.—Immaterial Averment of Ignorance of Danger—Proof and Passing upon Issue not Required.—The fact that plaintiff has alleged in the complaint that he was entirely ignorant of the danger, and has thereby alleged more than was required of him, does not impose upon him the obligation to prove the immaterial averment, or anything beyond the facts essential to constitute his cause of action, nor estop him from urging that the jury were not required to pass upon an immaterial issue raised by the pleadings.

Id.—Issues an Answer to which Could not Aid Appellant.—Issues relative to alleged negligence in the failure properly to construct the shops, and failure to furnish proper appliances, the omission to pass upon which favorably to the appellant could not have aided his cause, or be prejudicial to him, were not required to be passed upon in view of the general verdict for the respondent, and the answers

upon the main issue as to the negligent failure of appellant to warn respondent of the danger of his employment.

ID.—INTERROGATORY NOT ADDRESSED TO ISSUE—CARE IN SELECTION OF EMPLOYEES.—Where it was not alleged in the complaint that defendant had failed to exercise proper care in the selection of its superintendent and employees in charge of its factory, an interrogatory on that subject was properly refused.

ID.—PERSONAL DUTY OF EMPLOYER NOT TO BE DELEGATED.—If such interrogatory be claimed to have a bearing upon the issue of failure to warn plaintiff of the danger of his employment, the duty of the employer to give such warning is duty personal to him which cannot be delegated by him to subordinates.

ID.—DEFENDANT NOT RELIEVED OF RESPONSIBILITY BY CARE TO REDUCE DANGER.—If the business was a dangerous one, and the defendant, with actual or constructive notice of plaintiff's ignorance of the danger, put him to work without giving him proper warning, defendant is not relieved of responsibility because of using the utmost care to reduce the danger as much as possible.

ID.—PLAINTIFF'S NON-APPRECIATION OF DANGER—SPECIAL FINDING NOT REQUIRED—EFFECT OF VERDICT.—It was not necessary that the jury should especially find that the plaintiff did not understand or appreciate the danger to which he was subjected. The general verdict in his favor imports a finding in his favor upon every material issue not submitted to or passed upon by the jury; and the jury having found every fact necessary to establish negligence in the failure of the defendant to warn the plaintiff of his danger, the judgment for the plaintiff is sufficiently supported.

ID.—INSTRUCTIONS AS TO NEGLIGENCE AND DUTY OF MASTER PROPERLY GIVEN.—Instructions as to negligence, giving general definitions thereof approved by the courts, and instructions stating the grounds of negligence alleged, without any improper assumptions or implications, and instructions stating correctly the duty and obligation of the master as to due care, were properly given.

ID.—DEFENDANT'S KNOWLEDGE OF DANGER.—It was correct to instruct the jury that it is immaterial whether defendant actually knew of the dangerous character of the employment, provided the employment was in fact dangerous, and defendant could have been aware of such danger by the exercise of ordinary care.

ID.—CARE IN VENTILATION NOT EXCUSING NEGLIGENCE IN APPLIANCES.— An instruction that due care in ventilating rooms would not relieve defendant from liability for negligence in failing to provide plaintiff with proper appliances to protect his mouth and nose, if it was negligent in that regard, without fault on plaintiff's part, was properly given.

ID.—REQUEST PROPERLY REFUSED—RISK IN CONSEQUENCE OF EMPLOYMENT—QUESTION FOR JURY.—An instruction that the defendant owed no duty to warn plaintiff in reference to the risk of possible

injury as a consequence of his employment was properly refused since under the evidence that question was for the jury to determine, under proper instructions.

ID.—Sufficiency of Evidence to Sustain Verdict.—*Held,* that the evidence, notwithstanding conflict therein, was sufficient to support the verdict for the plaintiff.

ID.—Appeal—Argument—Alleged Errors in Evidence Improperly Presented.—Alleged errors of the court in admitting and excluding evidence, which are not argued, but merely presented by calling attention to the exception, at certain folios of the transcript, will not be considered.

APPEAL from a judgment of the Superior Court of San Mateo County and from an order denying a new trial. Geo. H. Buck, Judge.

The facts are stated in the opinion of the court.

Franklin P. Bull, and Garret W. McEnerney, for Appellant.

Stanley Moore, and Edw. A. Foley, for Respondent.

SLOSS, J.,—Action to recover damages for personal injuries. The plaintiff had judgment for five thousand dollars and defendant appeals from the judgment and from an order denying its motion for a new trial.

The amended complaint alleges that on July 8, 1903, and for some eight months previous thereto plaintiff was in the employ of defendant and engaged in the melting of pig lead into buckles and assisting as a laborer in the manufacture of white lead at defendant's factory near the town of Baden in San Mateo County. In consequence of such work, the plaintiff, on said eighth day of July, became lead poisoned and thereby paralyzed on the right side of his body, including his right arm and leg, and seriously injured internally. Said employment was, as is averred, "an extremely dangerous one, as was well known to the defendant, and liable to cause lead poisoning and paralysis, but at all the times herein mentioned, plaintiff was entirely in ignorance of such danger, and would not have assumed or engaged in such employment if he had been warned of such danger." The "defendant negligently failed at the time it employed this plaintiff to warn him, or inform him in any way of the danger of said employment, and

defendant at all times herein mentioned negligently omitted to warn plaintiff of said danger and carelessly allowed him to remain in ignorance of the same." There are further allegations to the effect that the defendant did not attempt to make the rooms in which plaintiff was working safe; that it negligently failed to equip them with any means of ventilation, and that it negligently failed to provide plaintiff with any muzzle or device to prevent the dust from said white lead, or the fumes and smoke arising from the melting of said buckles, from entering plaintiff's nostrils and mouth, as it was defendant's duty to do. It is alleged that the injuries sustained by plaintiff were permanent in their character.

No demurrer was interposed to this pleading. The defendant filed an answer denying many of the material averments, and upon the issues so raised the case went to trial. It is now claimed that the amended complaint fails to state a cause of action, in that it does not allege that the defendant had knowledge that plaintiff was not cognizant of the danger incident to his work. We may assume, as is contended by appellant, that in so far as plaintiff's case rested upon the failure to warn, it was necessary for him to allege and show that the defendant knew, or should, in the exercise of reasonable care, have known, that plaintiff was not fully informed of the dangerous character of the employment. But granting this, the amended complaint, under the rules of pleading frequently announced by this court, sufficiently stated the necessary fact. It alleged the defendant's knowledge of the dangerous character of the employment, the plaintiff's ignorance of such danger, and the fact that the defendant *negligently failed* at the time it employed plaintiff or thereafter to warn or inform him of the danger of such employment. It is the settled rule in this state that it is sufficient to allege negligence in general terms, specifying, however, the particular act alleged to have been negligently done. (*Stephenson* v. *Southern Pacific Co.,* 102 Cal. 143, [34 Pac. 618, 36 Pac. 407]; *House* v. *Meyer,* 100 Cal. 592, [35 Pac. 308].) In other jurisdictions in which the same rule applies, it has been held that an allegation that a defendant did a certain thing negligently carries with it the averment that he had, or was at fault in not having the knowledge which was necessary to make his act a negligent one. (*Chicago R. R. Co.* v. *Kellogg,* 55 Neb. 748, [76 N. W.

462]; *Crane* v. *Missouri Pacific Ry. Co.*, 87 Mo. 588; *Louisville etc. Railroad Co.* v. *Utz*, 133 Ind. 265, [32 N. E. 881]; *O'Connor* v. *Illinois Central Ry. Co.*, 83 Iowa, 105, [48 N. W. 1002].) The allegation that defendant negligently failed to warn plaintiff was, therefore, an averment that defendant knew, or should have known, that plaintiff stood in need of warning.

A point most strongly urged by appellant is that a reversal must be ordered by reason of the action of the court and the jury with regard to certain special issues. Nine of such issues were, at appellant's request, submitted to the jury. A tenth the court declined to submit. Of the nine, six were answered. No answer was returned to the other three. The three not answered were the following: "VI. Was plaintiff entirely in ignorance of such danger? (i. e., the danger incident to the employment.) VIII. Did defendant, W. P. Fuller & Co., make the rooms in which plaintiff was working safe and equip them with means of ventilation and did they adopt and use the best methods and appliances known for the protection of their employees? IX. Did the defendant, W. P. Fuller & Co. in the construction of its white-lead department where Albert Pigeon the plaintiff worked, exercise such care as men of ordinary intelligence ordinarily exercise under like circumstances and conditions, taking into consideration the character of the work?"

The trial court, in acting upon appellant's request for the submission of special issues, made certain remarks which, it is claimed, the jury might well have interpreted as a direction that answers to the questions were not required. We may, for the purposes of this case, treat this action of the court as a refusal to submit such issues as were not in fact answered. At the time this case was tried (in October, 1905), section 625 of the Code of Civil Procedure had recently been amended so as to take from the trial court the discretion which had been theretofore, and has now, by an amendment of 1909, [Stats. 1909, p. 193], again been vested in it with respect to directing special findings. The provision then in force made it compulsory upon the court, upon written request of a party, to direct the jury to find in writing upon all or any of the issues. But even under this state of the law, the court, although deprived of discretion in the matter of whether or

not to submit special interrogatories to the jury at all, was still to determine whether or not a question propounded was proper for submission. The test of its propriety was stated by this court in *Plyler* v. *Pacific Portland Cement Co.*, 152 Cal. 125, [92 Pac. 56], to depend "upon two conditions, 1. Is the question so framed as to admit of a plain and direct answer; and, 2. Would an answer favorable to the party preferring the request be inconsistent with a general verdict for his adversary?" If either of these queries can be answered in the negative, the court is justified in refusing to submit the issue. And, even if a special issue has been given to the jury, a failure to answer it will not be deemed prejudicial, if the answer does not comply with the second of the tests above mentioned. (Clementson on Special Verdicts, 109; 20 Ency. of Plead. & Prac. p. 30; *Schneider* v. *Chicago etc. R. R. Co.*, 42 Minn. 68, [43 N. W. 783] ; *Chicago etc. Ry. Co.* v. *Dunleavy*, 129 Ill. 132, [22 N. E. 15] ; *Town of Wakefield* v. *Wakefield Water Co.*, 182 Mass. 429. [65 N. E. 814].) If, therefore, there would have been no inconsistency between the general verdict in favor of plaintiff and an answer in favor of defendant to the sixth, eighth, and ninth interrogatories, the result will be the same whether it be said that the court declined to submit these interrogatories or that the jury failed to answer them. Taking, first, question VI: "Was plaintiff entirely in ignorance of such danger?" An answer to this question most favorable to the appellant would have been "No." A finding, however, that plaintiff was not entirely ignorant of the danger would not have been inconsistent with the general verdict. A servant is not precluded from recovery against a master who, without proper warning or instruction, puts him to work in a dangerous place by the fact that he may have some degree of knowledge or comprehension of the danger. He will not be held to have consented to assume the risk unless there is "a thorough comprehension on his part. of the danger and the risk and a voluntary undertaking by him of that risk and danger." (*Brooke* v. *Ramsden*, 63 L. T. (N. S.) 287.) In *Thomas* v. *Quartermaine*, L. R. 18, Q. B. Div. 685, the rule was thus stated: "It is plain that mere knowledge may not be a conclusive defense. There may be a perception of the existence of the danger, without comprehension of the risk; as, where the workman is of imperfect

intelligence, or, though he knows the danger, remains imperfectly informed as to its character or extent." So in *Mundle* v. *Hill Mfg. Co.*, 86 Me. 400, [30 Atl. 16], the supreme court of Maine said: "One does not voluntarily assume a risk, within the meaning of the rule that debars recovery, when he merely knows there is some danger without appreciating the danger." (See, also, *Fitzgerald* v. *Connecticut River Paper Co.*, 155 Mass. 155, [31 Am. St. Rep. 537, 29 N. E. 464]; *Jarvis* v. *Coes Wrench Co.*, 177 Mass. 170 [58 N. E. 587]; Labatt on Master & Servant, sec. 320.) In *Nofsinger* v. *Goldman*, 122 Cal. 609, [55 Pac. 425], an action by a laborer employed about a threshing machine to recover damages for injuries received by him through an explosion of the boiler, the court said that an instruction declaring that the plaintiff could not recover if he knew of the alleged defects of the machinery, or had equal opportunity with the defendants of knowing such defects, was rightfully refused. "The instruction," it was said, "omits the important element that the employee must not only know of the defects, but must know the dangers and risks attending the operation of the machinery by reason of the defects." Entire ignorance of the danger on the part of plaintiff was not, therefore, essential to a recovery. He was entitled to a verdict and judgment if he satisfied the jury that he had some degree of knowledge of the dangerous character of the employment, but did not understand or appreciate its full nature or extent. He may, for example, have observed that the melted pig lead gave off fumes and that dust arose from the white lead in the process of manufacture and that this involved the possibility of some degree of discomfort or injury, without realizing or understanding that the very serious disorders from which he claims to be suffering were a probable consequence. In the face of appellant's contention, strongly urged even on appeal, that there is no danger in the employment in question, it can hardly be claimed that the plaintiff must, as matter of law, be held to have known that the inhalation of the fumes and dust had a tendency to produce lead poisoning, with its accompaniment of loss of teeth, paralysis and derangement of the digestive organs. This is not a fact of universal knowledge, nor was it necessarily apparent to one employed, even for a long time, in defendant's works. The risks assumed by a

servant are only the ordinary risks of the employment. He does not assume the risk of hidden dangers which are, to the knowledge of the master, not apparent to him. (*Ingerman* v. *Moore,* 90 Cal. 410, [25 Am. St. Rep. 138, 27 Pac. 306]; *Tedford* v. *Los Angeles Elec. Co.,* 134 Cal. 76, [66 Pac. 76].) There was ample evidence to warrant a finding that plaintiff, by reason of his prior experience, knew that some risk attached to work in a white-lead factory, but that, until he was suddenly stricken down, he had no conception of the real character or extent of the danger which he incurred. Such partial knowledge on his part would have necessitated a negative answer to the question whether he was entirely ignorant of the danger.

There is no force in appellant's contention that because plaintiff alleged in his complaint that he was entirely ignorant of the danger, he cannot now be heard to say that an issue framed in the precise words of his own pleading did not require an answer. The fact that plaintiff may have alleged more than was required of him, does not impose upon him the obligation of proving anything beyond the facts essential to constitute his cause of action. If an immaterial issue is raised by the pleadings the fact that it is so raised does not require a jury to specially find upon it.

Of special issues VIII and IX, it may be said that an affirmative answer to each would not have helped appellant's cause, in view of the general verdict and of the answers given by the jury to the six questions on which an agreement was reached. The eighth and ninth interrogatories dealt with the question of the care exercised by the defendant in making safe the rooms in which plaintiff worked, and the methods and appliances in use. The complaint alleged negligence in three respects—1. The failure to warn plaintiff of the dangerous character of the work; 2. The failure to properly construct the shops, and 3. The failure to furnish proper appliances. If the business was a dangerous one, and the defendant, with actual or constructive notice of plaintiff's ignorance of its danger, put him to work without giving him proper warning, it is not relieved of responsibility because it has used the utmost care to reduce the danger as much as possible. The jury found, in answer to special interrogatories I, II, III, IV, V, and VII that the plaintiff was lead-poisoned and thereby

paralyzed; that these injuries were the result of plaintiff's working at defendant's factory in the manner described in his complaint; that this employment was an extremely dangerous one; that plaintiff's physical condition was in no degree caused by any prior employment; that the defendant knew that plaintiff's employment was an extremely dangerous one and liable to cause lead poisoning and paralysis, and that the defendant was not entitled to believe, nor did it believe, that the plaintiff had such a degree of intelligence and experience as to apprise him of the danger incident to the business in which he was engaged. A finding that plaintiff did not understand or appreciate the danger to which he was subjected was not necessary, because, as we have seen in discussing issue No. VI, this question was not put to the jury. A general verdict imports a finding in favor of the prevailing party on every material issue; that is to say, at the least, on every material issue not specially submitted or requested to be submitted to the jury. The jury, then, found every fact necessary to establish the defendant's negligence on the first ground asserted, viz.: the failure to warn of danger not apparent. This is enough to sustain the judgment. An answer to questions VIII and IX in favor of the defendant would merely have meant that it was not negligent in the two particulars of construction of the buildings and furnishing of appliances. This, of course, would not relieve it from responsibility for its negligence in failing to warn the plaintiff of the dangerous character of the employment. Regardless of other grounds urged by respondent, the failure to put or to answer questions VIII and IX could not have been prejudicial.

As has been said, the defendant requested the submission of a tenth issue to the jury, and this was refused by the court. This interrogatory read as follows: "X. Did W. P. Fuller & Co., the defendant, use ordinary care in the selection of its superintendent and the employees in charge of the factory who employed plaintiff?" This question was not addressed to any material issue in the case. It was not charged in the complaint that the defendant had failed to exercise proper care in the selection of its employees. If it be claimed that this question had a bearing on the issue of negligence in failing to warn plaintiff of the danger of his employment, the answer is that where the duty to warn exists, it is a personal duty of

the employer—one that cannot be delegated by it to subordinates. (*Tedford* v. *Los Angeles Elec. Co.*, 134 Cal. 76, [66 Pac. 76], and cases cited.)

We see no error in the instructions VII and VIII given by the court at the request of plaintiff. Without quoting them we may say, simply, that they give general definitions of negligence in terms which have frequently had the approval of courts. Indeed, the appellant advances no reason for its contention that they are erroneous. Of instructions No. X, XI, XII, XIII, and XVII, it is said by appellant that they assume that the defendant had been apprised of plaintiff's alleged ignorance of the dangers lurking in his employment. But an examination of the instructions discloses that they contain no such assumption. Instruction X states the obligation of the master where the servant is known to be without experience in such work, or without any knowledge of the danger connected therewith. There is no implication that this plaintiff was known to be ignorant or inexperienced. No. XI deals with defendant's knowledge of the dangerous character of the employment, and declares that it is immaterial whether defendant actually knew of its dangerous character, provided the employment was in fact dangerous, and defendant could have become aware of such danger by the exercise of ordinary care—a proposition that is obviously correct. No. XII and No. XIII contain no reference whatever to defendant's knowledge of plaintiff's ignorance of the dangers of the employment. No. XVII expressly conditions the master's obligation to warn upon his knowledge of the servant's ignorance or inexperience in the work.

Instruction XIV is also complained of. It instructs the jury that the exercise of due care by the defendant in ventilating the rooms would not relieve it from liability for negligence in failing to provide the plaintiff with proper appliances to protect his mouth and nose, if it was negligent in this regard, and such negligence caused plaintiff's injury, without fault on his part. No valid ground of objection to this instruction is stated.

There was no error in refusing instruction II requested by the defendant, to the effect that no duty rested on the defendant to give the plaintiff instructions in reference to the risk of possible injury as a consequence of his employment. Whether

or not this duty rested on the defendant was, under the evidence, clearly a question for the jury, and it was submitted to the jury under proper instructions. It is asserted in the brief that the court erred in modifying instructions III, V, and VI requested by defendant. No argument is advanced in support of this contention, and it is sufficient to say that an examination of the modifications does not make apparent any reason for holding that they were improper.

The point of the insufficiency of the evidence to sustain the verdict is very briefly presented by appellant. It will not be necessary to detail the evidence at length. There was abundant testimony tending to show that the process of the manufacture of white lead, as conducted by the defendant, was dangerous to those assisting in the work, the danger arising from the inhalation of fumes and vapor thrown off from the melted pig lead, and of particles of dust coming from the metal after it had been corroded in the process of converting it into white lead. The jury was fully warranted in finding that the plaintiff was ignorant of this danger when he entered defendant's employ. It is not pretended that the defendant ever gave him any warning or instruction with regard to the matter, nor that it ever made any inquiry as to whether or not he had had any prior experience which would give him any knowledge concerning the danger. As we have already suggested, it certainly cannot be said that the danger of lead poisoning arising from the melting of pig lead or handling of white lead is so obvious and apparent to the ordinary mind that the plaintiff must be held to have known of it, and, for this reason, the defendant was not justified in assuming that he had the requisite knowledge. There was some conflict of testimony as to whether plaintiff's injuries were in fact the result of lead poisoning or of disease to which he had been subject before entering the employ of the defendant, but this conflict was one for the jury to resolve.

The alleged errors of the court in admitting and excluding evidence are not argued, counsel merely calling attention to the exceptions reserved by the defendant at certain folios of the transcript. A point so presented to this court will not be considered. (*Duncan* v. *Ramish,* 142 Cal. 686, [76 Pac. 661]; *Bell* v. *Southern Pacific R. R. Co.,* 144 Cal. 560, 573, [77 Pac. 1124].)

The judgment and order appealed from are affirmed.

Angellotti, J., Shaw, J., Melvin, J., Henshaw, J., and Lorigan, J., concurred.

Rehearing denied.